[Civ. No. 16954. Second Dist., Div. Two. Oct. 5, 1949.]

CLARENCE NOBLIT et al., Respondents, v. BLICKSHIRE HOTELS AND MOTELS, INC. (a Corporation) et al., Appellants.

Siemon, Maas & Siemon for Appellants.

Michael M. Motta for Respondents.

McCOMB, J.—Defendants appeal from a judgment in favor of plaintiffs after trial before the court without a jury in an action to recover damages for conversion and forcible entry.

The trial court found that:

(i) Defendants owned and operated the Lockwood Auto Court and that plaintiffs had occupied cottage F-9, consisting of three furnished rooms, in said court for approximately three years;

(ii) The lawful charge for the occupancy of said rooms was $19.50 per week;

(iii) On and after August 20, 1946, plaintiffs locked their rooms and went on a vacation without paying the rent for the use and occupancy of the property;

(iv) While plaintiffs were away defendants broke the lock, entered the premises and removed plaintiffs' property therefrom and placed the same in a storeroom on the premises; and that "said actions of defendants were with cause and for the reason that plaintiffs had refused and continued to refuse to pay the lawful charge for the occupancy of said cottage"; and that it was "untrue that the acts of defendants were willful or malicious in the premises."

Predicated upon the foregoing findings the court found that plaintiffs were damaged in the sum of $753.49, and gave judgment against defendants for this sum.

This is the sole question necessary for us to determine:
*Do the foregoing findings disclose any actionable wrong committed by defendants?*

This question must be answered in the negative. The trial court expressly found that in removing the lock from the rooms occupied by plaintiffs and storing their personal property in a storeroom such actions "were with cause and for the reason that plaintiffs had refused and continued to refuse

to pay the lawful charge for the occupancy of said cottage'' and that the actions of defendants were not willful or malicious.

Clearly if the actions of defendants were with cause and neither willful nor malicious plaintiffs have failed to establish a cause of action. A judgment should have been ordered for defendants.

The judgment is reversed with directions to the trial court to enter judgment in favor of defendants.

Moore, P. J., and Wilson, J., concurred.