[Civ. No. 9024.   Third Dist.   Mar. 12, 1957.]

STANLEY L. MARTIN, Appellant, v. BERNIE CASSIDY, Respondent.

John O. Fugazi for Appellant.

James I. Harkins for Respondent.

SCHOTTKY, J.—Plaintiff commenced an action against defendant for forcible entry, forcible detainer and for conversion of personal property. Defendant denied the material allegations of the complaint and set up the further defenses that he was entitled to reenter the leased premises because of plaintiff's default in the payment of rent and also because of the abandonment of the premises by plaintiff.

The action was tried before the court sitting without a jury. The court found that it was not true that defendant forcibly took possession of the leased premises without the consent of plaintiff; that it was not true that plaintiff was in possession of the premises on February 15, 1955; that it was true that plaintiff, on or before February 15, 1955, abandoned said premises and voluntarily surrendered them to defendant. In accordance with said findings judgment was entered that plaintiff take nothing by reason of said action. Plaintiff has appealed from said judgment.

The record shows that the appellant, Stanley L. Martin, was lessee of certain real property pursuant to the terms of a five-year lease in writing with respondent, Bernie Cassidy, the lessor and owner. Appellant had been living in his own house trailer on this property pursuant to the lease for four and one-half years and conducted a retail and wholesale fruit business there. The premises consist of a bare lot upon which there is a fruit stand at the front, with a small shed attached to the end of it. There is no dwelling or other substantial structure on the lot. The lease contained the following provision:

"2. And it is agreed, that if any rent shall be due and unpaid, or if default shall be made in the performance of any of the covenants herein contained on the part of the Tenant, then it shall be lawful for the said Owner to re-enter the said premises and to remove all persons and property therefrom and at his option terminate this lease."

Respondent testified that on December 6, 1954, appellant came in and paid $30 of the $45, which was the month's rent,

and stated that he was abandoning the premises and that he was going to Sunnyvale, California, to his son's or daughter's home. Appellant denied that he had stated that he was abandoning the premises, but admitted that he had stated that he was losing money and that at that time he informed respondent that he was seeking a buyer for his business and equipment and attempting to find a new tenant for the premises for respondent.

Respondent testified that he made numerous trips to the premises in January and February, 1955, to collect the rent from appellant but never found appellant at home. Appellant testified that he never moved away from the premises, although he was absent therefrom for days at a time. He admitted that he made no further payment of rent to respondent after the payment he made on December 6th.

On February 15, 1955, in appellant's absence and pursuant to advice of counsel, respondent removed from the premises certain personal property of appellant, to wit: One used house trailer, one used automobile, one wood and wire mesh fence, and seven or eight small seedling trees in one-gallon containers. Many of appellant's business fixtures and equipment were not removed from the premises and were still there when the respondent leased the premises to a Mr. Tinsley on February 15, 1955. At that time appellant was confined in the San Joaquin County jail. When appellant was released on February 21, 1955, he returned to the premises in question and was told by Mr. Tinsley that appellant could take any property that was his. Appellant did take custody of most of this property at various times prior to the trial.

On March 10, 1955, appellant made demand in writing on defendant for the return of the possession and occupancy of the leased premises, which demand was refused.

Appellant's principal contention is that the evidence is insufficient to support the judgment.

The principal question to be decided in this case is whether or not the evidence is sufficient to support the court's finding of abandonment. For if there is no support for such a finding we think it clear that appellant established a cause of action for forcible entry and detainer.

Code of Civil Procedure, section 1160, subdivision 2, provides that a person is guilty of forcible detainer, ''Who, in the night-time, or during the absence of the occupant of any lands, unlawfully enters upon real property, and who, after demand made for the surrender thereof, for the period of

five days, refuses to surrender the same to such former occupant.''

Respondent argues that the lease provided for the right of reentry by respondent when appellant was in default in payment of the rent and that therefore a three day notice was not required. He cites the case of *Noblit* v. *Blickshire Hotels & Motels, Inc.*, 93 Cal.App.2d 864 [210 P.2d 43], in which case plaintiffs were in arrears in the payment of rent, and had locked their rooms and left on a vacation. While away the defendants broke the lock, entered the premises and removed plaintiffs' property and placed it in a storeroom. The lower court nevertheless gave judgment to plaintiffs. The judgment was reversed, the appellate court holding that no actionable wrong had been committed for the reason '' 'that plaintiffs had refused and continued to refuse to pay the lawful charge for the occupancy of said cottage' and that the actions of defendants were not willful or malicious.''

However, as pointed out by appellant, the cited case is not in point as the court was there dealing with a factual situation that came within the provisions of California Civil Code, sections 1861 and 1861a, which relate to hotel, motel, inn, boarding house and lodging house keepers, and keepers of apartment houses, apartments, cottages or bungalow courts, and grant landlords thereof the right to reenter, take possession of the unit and place a lien upon the possessions of the tenant for the unpaid rent. In the instant case the appellant was in possession under a five-year lease of which only four and one-half years had expired at the time respondent took possession and removed certain personal properties of appellant from the premises.

In the case of *Eichhorn* v. *De La Cantera*, 117 Cal. App.2d 50, the court said at page 54 [255 P.2d 70] :

''But wholly aside from that, it is well settled in this state that an owner cannot forcibly reenter without having recourse to legal processes. The reason for the rule is that such forcible action tends to a breach of the peace.

''As early as 1859 the Supreme Court declared in *McCauley* v. *Willer,* 12 Cal. 500, 524, that the object of the forcible entry law was 'to prevent the disturbance of the public peace, by the forcible assertion of a private right.' And the court said, also: 'Questions of title or right of possession cannot arise . . .' A few years later in *Mitchell* v. *Davis,* 23 Cal. 381, 384-385, the court said: 'One great object of the Forcible Entry Act, is to prevent even rightful owners from taking

the law into their own hands and attempting to recover, by violence, what the remedial process of a Court would give them in a peaceful mode.' *Voll* v. *Hollis,* 60 Cal. 569, 573-574 follows both the McCauley and Mitchell cases. In the early case of *Brown* v. *Perry,* 39 Cal. 23, 24, the court said: 'The law prohibits a forcible entry, *even by the person entitled to possession,* for the reason, among others, that *it necessarily tends to a breach of the peace.'* (Emphasis added.) See also *Knowles* v. *Crocker Estate Co.,* 149 Cal. 278, 285 [86 P. 715] and discussion in 12 California Jurisprudence page 595 et seq.

"Even in cases where a landlord's right of reentry in case of default is expressly reserved in a lease, it has been held that he cannot reenter by force (*California Products, Inc.* v. *Mitchell,* 52 Cal.App. 312, 314 [198 P. 646]; *Calidino Hotel Co.* v. *Bank of America,* 31 Cal.App.2d 295, 306 [87 P.2d 923]; *Igauye* v. *Howard,* 114 Cal.App.2d 122, 125 [249 P.2d 558]).

█ "The absence of the occupant from the premises at the time does not make the entry any the less a forcible entry (*Ely* v. *Yore,* 71 Cal. 130, 133 [11 P. 868])."

See also *Pickens* v. *Johnson,* 107 Cal.App.2d 778 [238 P.2d 40].

We come now to the question of whether there is sufficient evidence to support the court's finding of abandonment and surrender.

█ Abandonment is defined as the "voluntary giving up of a thing by the owner because he no longer desires to possess it or to assert any right or dominion over it and is entirely indifferent as to what may become of it or as to who may thereafter possess it." (1 Cal.Jur.2d, § 2, p. 2.)

█ Mere absence from the premises when the landlord calls for the rent is insufficient to support a finding of abandonment. In *Swigert* v. *Stafford,* 85 Cal.App.2d 469, 472 [193 P.2d 106], the court states:

"Abandonment cannot be inferred unless it can be fairly shown that nonuser by lessee is coupled with an intent to relinquish all rights in the premises."

Respondent knew that appellant was in jail on February 11, 1955, four days before he removed appellant's property from the premises and took possession of them. █ The fact that appellant was in jail does not support a finding of abandonment. (*Riner* v. *Vernon,* 132 Cal.App. 178 [22 P.2d 255].)

■ As stated in 32 American Jurisprudence, section 901, page 763:

"A surrender of demised premises occurs only through the consent or agreement of the parties evidenced either by an express agreement or by an unequivocal act inconsistent with the terms of the lease and with the relation of landlord and tenant, or by acts so inconsistent with the terms of the lease as to imply in law an agreement to surrender, and hence, an acceptance by the landlord is requisite."

In 1 California Jurisprudence 2d, section 13, at page 15, it is stated:

"Abandonment is a question of intention, to be determined only upon an investigation of all the facts and circumstances, and the trier of fact is ordinarily the exclusive judge of the existence of the elements thereof, including the cardinal element of intention. But in the exceptional case where there is no dispute as to the facts or the inferences to be drawn therefrom, the question becomes one of law for the court."

Appellant argues that the fact that he never removed his worldly possessions from the premises shows an intent to retain possession of those premises, and that the fact that appellant was seeking a buyer for his business equipment and a new tenant for respondent shows an intent to derive a profit from his property.

Respondent in reply contends that he was entitled to construe the acts and statement of appellant as an abandonment and surrender of the leased premises. He argues that the inference may be drawn from the evidence of appellant's admitted business failure, his inability to pay the rent and his confinement as a vagrant in jail for two weeks, that appellant fully intended to and did surrender the premises to respondent. Furthermore, respondent contends, appellant's statement made on December 6, 1954, that he was abandoning the leased premises to live in Sunnyvale, California, was entitled to belief by respondent.

However, as appellant points out, respondent testified that on December 6, 1954, the time appellant stated that he was abandoning the premises, appellant paid the rent for the entire month of December, which was for future rent, and appellant argues that this inconsistent act completely refutes this statement by appellant as showing a valid intent on the part of appellant to abandon or surrender the premises at that time. Appellant argues that since it is contrary to human nature and experience for anyone to surrender a lease and

at the same time to pay the rent in advance, the respondent was not entitled to construe this statement as an abandonment or surrender of the leased premises. Appellant argues further that respondent's own testimony shows that respondent did not treat it as such, but continued to seek to collect rent from appellant up until the time when he apparently thought he would place a better tenant in possession and during a time when he would not have any trouble from appellant because he knew that he was in jail.

It is apparent that it might well be inferred from the record that appellant did not intend to surrender and abandon the leased premises but a careful study of the record convinces us that it cannot be held as a matter of law that there is no substantial evidence to support the court's finding of abandonment. Appellant's statement to respondent on December 6th, his failure to pay any further rent, his absence from the premises, and the other circumstances hereinbefore recited were sufficient in our opinion to justify the inference that appellant intended to abandon the premises. We believe that the issue was one of fact for the trial court to determine and under familiar rules governing appellate courts we must accept the finding of the trial court.

The judgment is affirmed.

Van Dyke, P. J., and Peek, J., concurred.

A petition for a rehearing was denied April 5, 1957.