[Crim. No. 16247.   Second Dist., Div. Four.   June 25, 1969.]

THE PEOPLE, Plaintiff and Appellant, v. LINDA URFER, Defendant and Respondent.

308

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, Evelle J. Younger, District Attorney, Harry Wood and Robert J. Lord, Deputy District Attorneys, for Plaintiff and Appellant.

Richard A. Walton and Dahlstrum, Walton & Butts for Defendant and Respondent.

JEFFERSON, J.—The People appeal from an order granting defendant's motion, under section 995 of the Penal Code, setting aside an information charging her with possession of marijuana. The motion was based on the ground that the evidence presented at the preliminary hearing was the product of an unlawful search and seizure. At issue was the question whether there was a valid consent to the entry of the residence where the marijuana was found. In granting the motion, the court below (which did not state any reason for its ruling) apparently concluded that there was no valid consent.

In November 1967 Rudolph Macias rented apartment No. 2 of his five-unit apartment house to defendant. Macias lived next door in apartment No. 1. For some time prior to May 13, 1968, defendant had not used the apartment and Macias was unable to contact her. Early in April police officers came looking for defendant. They stopped by two times later that month. The utilities in apartment No. 2 had been shut off and spoiled food in the refrigerator ''was stinking up the place something awful.''

On May 13th Macias concluded that defendant had aban-

doned the apartment. On that date he called Officer Colella, one of the officers who had been looking for defendant. He told Colella that he felt her apartment had been abandoned and that he had decided to go in and move her furniture and "stuff" out. Prior to May 13 Macias had not entered apartment No. 2.

After receiving the call from Macias, Officer Colella, who was a narcotics officer, and his partner went to Macias' apartment house. Colella was aware at the time that there was an outstanding warrant for defendant's arrest. In the phone conversation, Colella recalled that Macias had told him that he believed defendant had abandoned the apartment; he had not seen or heard from her in over a month; the utilities had been turned off; he had contacted his attorney and had been told to put her furniture in storage and to re-rent the apartment; he wanted the officers there at the time of the final packaging of defendant's things and also in the event that contraband was present in the apartment.

Upon the arrival of the officers at about 4 p.m., Macias opened the door of apartment No. 2 using a key. He invited the officers inside. As he stepped inside the living room, Officer Colella noted that the apartment appeared unkempt. There was debris on the floor and a dirty fish tank which had apparently overflowed. Macias pointed out some boxes in which he said he had started packing defendant's things. Within a minute after his entry, Colella observed seeds on the floor of the living room which appeared to be marijuana seeds. They were in plain view. He then walked into the kitchen and observed more marijuana debris on the floor of that room. While Macias stood by, Colella and his partner then conducted a search of the apartment for additional contraband. They found marijuana debris in a bread box and two partially smoked marijuana cigarettes on the kitchen floor.

The partially smoked marijuana cigarettes and the marijuana seeds and debris which the officers discovered in apartment No. 2 were introduced in evidence at the preliminary hearing.

Preliminarily, it is to be observed that although Macias never expressly stated in his testimony at the preliminary hearing that defendant's rent was unpaid as of May 13th (he was never questioned about the rent), the evidence supports the inference that it was unpaid. Prior to its ruling on the 995 motion, the court stated that it would have to assume the rent was unpaid, and the defense raised no objection.

■ . Turning to the applicable legal principles, the finding by the magistrate that no illegal search and seizure occurred, if supported by substantial evidence, must be accepted in determining the issue on a motion under section 995. (*People* v. *Schultz,* 263 Cal.App.2d 110, 113 [69 Cal. Rptr. 293].) ■ ''In conducting a preliminary hearing the magistrate is required to pass upon the weight of the evidence and the credibility of witnesses in determining whether 'sufficient cause' has been established. When the superior court reviews this decision under Penal Code, section 995, the superior court may not substitute its judgment as to the weight of the evidence at the preliminary hearing, nor may the superior court judge the credibility of the witnesses who testified at the preliminary hearing. [Citation.]'' (*People* v. *Akard,* 215 Cal.App.2d 182, 185 [30 Cal.Rptr. 69].)

■ A search is not unreasonable if made with the consent of a person who has the authority to give consent, or who the police reasonably and in good faith believe has authority to give consent. (*People* v. *Hill,* 69 Cal.2d 550, 554-555 [72 Cal.Rptr. 641, 446 P.2d 521].) ■ It goes without saying that, while a landlord may not consent to the search of premises under his tenant's control, where the landlord-tenant relationship has terminated, such rule no longer applies. ■ A landlord-tenant relationship may be terminated where the tenant abandons the premises and the landlord accepts the surrender. (*Martin* v. *Cassidy,* 149 Cal.App. 2d 106, 110-111 [307 P.2d 981].) ■ Termination of a lease by abandonment is a question of intention to be determined from an examination of all the facts and circumstances, and the trier of fact is ordinarily the exclusive judge of the existence of the elements thereof. (*Martin* v. *Cassidy, supra,* at p. 111; *Wiese* v. *Steinauer,* 201 Cal.App.2d 651, 656 [20 Cal.Rptr. 295].)

■ We conclude, upon examination of the record, that ample evidence was presented which supports the finding of the magistrate that the officers acted both reasonably and in good faith in believing that the premises were abandoned by defendant and that its owner therefore had authority to permit their entry.

The order is reversed.

Files, P. J., and Kingsley, J., concurred.