[Crim. No. 16463. Second Dist., Div. Four. Dec. 4, 1969.]

THE PEOPLE, Plaintiff and Appellant, v.
LINDA NADINE MILES, Defendant and Respondent.

## COUNSEL

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, Evelle J. Younger, District Attorney, Harry Wood and Joel Paul Hoffman, Deputy District Attorneys, for Plaintiff and Appellant.

Richard S. Buckley, Public Defender, James J. Schmitt, Harold E. Shabo, and James L. McCormick, Deputy Public Defenders, for Defendant and Respondent.

## OPINION

**JEFFERSON, J.**—The People appeal from an order of the superior court granting the motion of defendant under section 995 of the Penal Code to set aside an information charging defendant with possession of marijuana. The motion was submitted on the transcript of the preliminary hearing at which a police officer was the single witness.

Officer House related that, on the night of December 27, 1968, at about 10:30 p.m., he and his partner were on patrol in a marked police vehicle when they observed a panel truck traveling westbound on Carson with a "very loud exhaust." They proceeded after the vehicle and stopped it for the apparent equipment violation. While his partner approached the driver's side of the truck to talk to the driver, Officer House walked over to the passenger side. He looked inside at the two passengers who were both sitting in the front seat. Defendant was one of the passengers. She was sitting in the middle. The driver and the other passenger were both males. Defendant and the male passenger looked "very young." Defendant looked

about 16 or 17 years old. Officer House was aware that in this area there were "many runaways." Under similar circumstances, about a week before he had found a young female runaway in the company of two men. He was suspicious that defendant might also be a runaway. While his partner was talking to the driver of the car, Officer House asked defendant and the young man for identification. Both stated they had no identification. In response to questioning about their ages, defendant replied that she was 19 and the male said he was 18. Defendant appeared "extremely nervous."

Officer House then asked them both to alight from the car and again asked them for some form of identification. Again they stated that they did not have any identification. The officer saw that defendant was holding a purse which appeared "quite full." He asked her if she had any identification in it. Defendant stated that she "didn't believe so." Whereupon the officer asked her, "Do you mind looking?" Defendant stated "No" or "Sure, I'll look" and opened the purse. As she fumbled around inside the open purse, the officer observed that there was a cellophane bag in it which contained a green leafy substance resembling marijuana. The cellophane bag was near the top of the purse partially hidden by a pack of cigarettes and defendant's hand. The car was stopped in a McDonald's drive-in parking lot and the area where they were standing was well lighted. Officer House had no trouble seeing the bag. He was directly in front of defendant and about two feet away at the time. The officer took possession of the bag and its contents and arrested defendant for possession of marijuana.

The bag and its contents (subsequently determined to be marijuana) were introduced in evidence at the preliminary hearing.

In dismissing the information, the superior court held that an illegal search and seizure took place. The court concluded that the facts presented did not establish any justification for the detention of defendant and, in addition, indicated that defendant opened her purse upon the direction of the officer and not of her own volition.

■ Although the committing magistrate, in reaching his decision as to whether to hold defendant to answer, may weigh the evidence, resolve conflicts and give or withhold credence to witnesses, such a balancing of the evidence is not within the powers of the superior court in reviewing the magistrate's order on a motion under section 995 of the Penal Code. (*Perry* v. *Superior Court,* 57 Cal.2d 276, 283 [19 Cal.Rptr. 1, 368 P.2d 529]; *People* v. *Brown,* 205 Cal.App.2d 188, 193 [22 Cal.Rptr. 835].) ■ The finding by the magistrate that no illegal search and seizure occurred, if supported by substantial evidence, must be accepted in determining the issue. (*People* v. *Schultz,* 263 Cal.App.2d 110, 113 [69

Cal.Rptr. 293]; *People* v. *Urfer*, 274 Cal.App.2d 307, 310 [79 Cal.Rptr. 60].)

Turning to the two grounds given by the superior court for dismissing the information, namely, (1) because defendant was illegally detained and (2) had not freely consented to open her purse, we conclude that the record supports the implied findings of the magistrate that the officer's actions in detaining and questioning defendant were reasonable and justified by the circumstances, and that her consent was free and not in submission to police authority.

■ "[C]ircumstances short of probable cause to make an arrest may still justify an officer's stopping pedestrians or motorists on the streets for questioning." (*People* v. *Mickelson*, 59 Cal.2d 448, 450 [30 Cal.Rptr. 18, 380 P.2d 658].) ■ "A police officer, employed to maintain the peace and to prevent crime, has both the right and the duty reasonably to investigate all suspicious activities even though the nature thereof may fall short of grounds sufficient to justify an arrest or a search of the persons or the effects of the suspects. 'Experienced police officers naturally develop an ability to perceive the unusual and suspicious which is of enormous value in the difficult task of protecting the security and safety of law-abiding citizens.' [Citation.]" (*People* v. *Bloom*, 270 Cal.App.2d 731, 734 [76 Cal.Rptr. 137].)

■ The officers in the instant case had the right to stop the vehicle in which defendant was a passenger because of the faulty muffler. When Officer House then saw defendant and from her appearance and demeanor suspected she might be one of the area's many runaway children, the proper discharge of his duty called for him to ask her for identification. When she said she had none, it was reasonable for him to pursue the matter by asking her to alight from the truck in order that he might get a better look at her. ■ Under Welfare and Institutions Code, section 625, subdivision (a), an officer may take into temporary custody a minor under 18 years old when the officer has reasonable cause for believing that the minor is a runaway. (See *People* v. *Bloom, supra,* at p. 735.)

■ When defendant got out of the truck and the officer saw that she was carrying a purse, it was not unreasonable for him to inquire if she had any identification in it. When she gave the equivocal response she "didn't believe so," it was reasonable for him to pursue his investigation still further by asking her "Do you mind looking?" The officer testified that defendant answered "No" or "Sure, I'll look," and opened the purse; that he then spotted the marijuana among the items contained in the open purse.

■ "Whether in a particular case an apparent consent was in fact voluntarily given or was in submission to an express or implied assertion of authority is a question of fact to be determined in the light of all the circumstances." (*People* v. *Gorg,* 45 Cal.2d 776, 782 [291 P.2d 469]; *People* v. *Brown, supra,* 205 Cal.App.2d 188, 192.) ■ Here, as in the *Brown* case, which involved similar facts, the evidence on the consent question was susceptible to the interpretation that there was a voluntary consent given. Since this was the interpretation adopted by the magistrate, the reviewing court under the applicable rules must accept such interpretation. ■ " '[N]either the superior court nor an appellate court may substitute its judgment as to such question for that of the magistrate.' " (*People* v. *Brown, supra,* at p. 193.)

The order is reversed.

Files, P. J., and Kingsley, J., concurred.

A petition for a rehearing was denied December 15, 1969, and respondent's petition for a hearing by the Supreme Court was denied January 28, 1970. Traynor, C. J., and Peters, J., were of the opinion that the petition should be granted.