[Crim. No. 19262. Second Dist., Div. One. Mar. 29, 1971.]

THE PEOPLE, Plaintiff and Appellant, v.
EDWARD ROBERT SHOEMAKER, Defendant and Respondent.

## COUNSEL

Evelle J. Younger, Attorney General, William E. James, Assistant Attorney General, Joseph P. Busch, Jr., District Attorney, Harry Wood and Sueanne C. Lewis, Deputy District Attorneys, for Plaintiff and Appellant.

Richard S. Buckley, Public Defender, James L. McCormick, David Vinje and Edward Van Gelder, Deputy Public Defenders, for Defendant and Respondent.

## OPINION

**THOMPSON, J.**—This is an appeal by the People after the granting of respondent's motion pursuant to Penal Code section 995 to set aside an information charging him with violation of section 11530 of the Health and Safety Code. We reverse the trial court's judgment of dismissal.

### Facts

On August 24, 1970, respondent was ejected from the "Under the Ice House" bar after an argument with the manager. At the manager's request, one of the employees of the bar called the police.

At approximately 1 a.m., Officers Sorensen and Crill of the Glendale Police Department answered a disturbing the peace call at "Under the Ice House." When they arrived, they saw respondent sitting on the curb of Brand Boulevard directly in front of that establishment. No crowd had gathered although there were people passing. There was no disturbance. Officer Sorensen approached respondent and spoke to him. Respondent told Sorensen that he had been thrown out of the Ice House. Sorensen asked respondent if he had any identification. Respondent answered that he did not. The officer observed a bulge in respondent's pocket and asked him if it was a wallet. Respondent answered that it was a wallet and that it belonged to his brother. He withdrew the wallet from his pocket and exhibited a driver's license with another individual's first name and the same last name as that given by respondent. The officer asked respondent how he had gotten to the Ice House and respondent answered that he had driven there in his brother's

or someone's vehicle. The officer asked him to go to the car, which was parked about 75 feet away in a service station, and see if there was any identification in the automobile. The two officers then escorted respondent to the car. As they reached the vehicle, Officer Sorensen noticed a red and white cardboard box which protruded about ½ inch over the edge of the pocket of the white T-shirt respondent was wearing. Sorensen asked respondent what was in the box. Respondent, who was facing Officer Sorensen, whirled about in a 360° turn, flinging both arms above his head as he did so. He returned to a position facing the officer and stated, "What box?" Officer Crill followed the arc of the package as it landed some 20 feet away. He retrieved it and saw that it contained what appeared to be two hand-rolled cigarettes. The cigarettes contained a substance later established to be marijuana. Evidence of the cigarettes was received at a preliminary hearing over respondent's objection that it was illegally obtained. Respondent was held to answer on a charge of violation of section 11530 of the Health and Safety Code. He entered a plea of not guilty and moved to dismiss the information pursuant to section 995 of the Penal Code. The motion was granted and this appeal followed.

 Determination of the case at bench turns upon the admissibility of the evidence of the contraband found by the arresting officers. The superior court held that the two marijuana cigarettes were discarded by respondent as the direct result of an impermissibly extended police detention and questioning and therefore must be excluded. We conclude that the magistrate's implied finding that the contraband was voluntarily discarded by respondent at a time while he was legally detained for questioning must be sustained and that the judgment of the superior court to the contrary must be reversed.

The original detention of respondent for questioning was proper. While the detaining officers had no cause to arrest respondent since they had no reason to believe that he had committed a felony and no misdemeanor had been committed in their presence, circumstances short of probable cause for arrest may nevertheless be cause to detain a suspect for questioning. (*Terry* v. *Ohio,* 392 U.S. 1 [20 L.Ed.2d 889, 88 S.Ct. 1868]; *People* v. *Mickelson,* 59 Cal.2d 448 [30 Cal.Rptr. 18, 380 P.2d 658].) Here the police radio call based upon information from the bar manager to the effect that a disturbance of the peace had occurred at the "Under the Ice House" gave the officers cause to question respondent whom they observed seated on the curb outside the establishment. Respondent's answer that he had been ejected from the bar gave them cause to question him further and to seek his identity.

The determination that the original detention of respondent was proper does not, however, dispose of the case at bench. Physical evidence obtained in the course of an originally permissible detention for question-

ing is deemed illegally obtained if it flows from a detention extended in duration beyond "what is reasonably necessary under the circumstances which made its initiation permissible." (*Willett* v. *Superior Court,* 2 Cal. App.3d 555, 559 [83 Cal.Rptr. 22]; *Pendergraft* v. *Superior Court,* 15 Cal.App.3d 237 [93 Cal.Rptr. 155].) ■ Evidence obtained by a search or demand for search not reasonably necessary to the circumstances permitting detention or the safety of the detaining officers is similarly deemed illegally obtained. (*Gascon* v. *Superior Court,* 169 Cal.App.2d 356 [337 P.2d 201].)

■ The record of the case at bench supports the implied finding of the magistrate that the detention of respondent was not improperly extended. While respondent gave his name in answer to questions concerning his identity, the officers were entitled to seek confirmation of the answer given. (*People* v. *Miles,* 2 Cal.App.3d 324, 328 [82 Cal.Rptr. 644].) They thus properly inquired concerning the content of respondent's wallet.[1] Respondent's answer that the wallet belonged to his brother raised a reasonable suspicion as to the validity of his prior answers. That suspicion entitled the officers to continue their inquiry. It was during that continued inquiry that respondent discarded the marijuana cigarettes introduced in evidence against him.

The record also supports the implied finding of the magistrate that respondent discarded the marijuana voluntarily and not as the consequence of an improper assertion of authority of the officers to search his pocket and the box it contained. Three recent California cases have considered similar factual situations. In *People* v. *Bloom,* 270 Cal.App.2d 731 [76 Cal.Rptr. 137], the defendant and a companion were detained for questioning because of the possibility that they were runaway juveniles. They produced identification showing that they were each over the age of 18. The officers sought confirmation of the identification by a radio record check. While awaiting an answer to the radio call, the officers asked defendant and his companion questions to put them at ease. Defendant was asked what he had in a valise he was carrying and replied "school books." One of the officers said that he felt that hard to believe. Defendant answered, "I'll show you" and opened the valise disclosing marijuana as well as a book. The Court of Appeal affirmed a judgment of conviction and approved orders of the trial court denying a motion to dismiss pursuant to Penal Code section 995 and a motion to suppress evidence pursuant to Penal Code section 1538.5.

Nine months after *Bloom,* the same division of the Court of Appeal that

---

[1]The officers limited their inquiry to questioning respondent. They made no effort to search him or his wallet. The lesser intrusion upon respondent's privacy distinguishes the case at bench from *People* v. *Millard* (1971) 15 Cal.App.3d 759 [93 Cal.Rptr. 402], recently decided by Division Three of this court.

determined *Bloom*, decided *People* v. *Lingo*, 3 Cal.App.3d 661 [83 Cal. Rptr. 755]. In *Lingo*, the vehicle in which defendant was riding was stopped by the police for lack of a rear license plate. While the driver of the vehicle produced an expired Colorado driver's license, the defendant was unable to produce any identification. The vehicle was registered in the name of a person other than the driver or defendant. From the outside of the vehicle, the officers saw within it a phonograph and portable radio which they suspected were of criminal origin. One officer asked defendant if there were any narcotics in the car. When defendant answered, "No," the officer asked for permission to search. Permission was granted and a search of the vehicle disclosed marijuana. The Court of Appeal in *Lingo* rejected an appeal by the People asserting error of the trial court in granting a motion pursuant to Penal Code section 1538.5 to suppress the evidence of the marijuana. The court, while recognizing that the officers in *Lingo* properly detained the suspects and were entitled to question them concerning the traffic violation, the ownership of the car, and the possibility that the radio and phonograph were stolen, stated that the officers could not detain and question the suspects for an entirely different purpose, i.e., their possible possession of narcotics.

Three months after *Lingo*, the Court of Appeal announced its decision in *Crueger* v. *Superior Court*, 7 Cal.App.3d 147 [86 Cal.Rptr. 555]. In *Crueger*, the defendants were the driver and passenger in an automobile stopped for a speeding violation. The officer noticed a brown bag on the right front floorboard near the passenger's foot. The officer asked if he might see what was in the bag. The passenger threw the bag to the driver who fled and dropped it over a fence. The bag contained marijuana. The defendants were held to answer after a preliminary hearing, and the matter reached the Court of Appeal on a petition for writ of prohibition to set aside that order. The court held that the evidence of the marijuana was legally obtained. It said: "Here there was nothing unlawful in the action of the officer in asking the passenger what was in the bag, or in . . . asking him if he might see inside it. . . ." (7 Cal.App.3d 147, 150) and concluded: "It is obvious that the contraband in the paper bag was not obtained as a result of any search or seizure by the officer." (7 Cal.App.3d 147, 150.) The court emphasized that the matter reached it on a motion to set aside the information made pursuant to Penal Code section 995. It reasoned that the evidence was susceptible of conflicting inference—one that the conduct of the officer constituted a threat of an illegal search which led to the discovery of the marijuana, and the other that the conduct of the officer stopped short of a declaration of intention to conduct an illegal search. It held itself bound by the inference drawn by the magistrate. (7 Cal.App.3d 147, 152.)

*Lingo* does not cite *Bloom. Crueger* cites *Bloom* but not *Lingo*. Stare

decisis requires, however, that we consider the cases as part of a cohesive body of precedent and not as examples of independent thought. The apparent conflict in result in the cases can be reconciled by the context in which each arose and to a degree by their facts. *Lingo* is a People's appeal from action of a trial court granting a motion to suppress evidence pursuant to Penal Code section 1538.5. The Court of Appeal was thus there bound by a permissible inference drawn by the trial court that the officer's request for permission to search was a demand for a search. *Bloom* is a defendant's appeal raising the propriety of the action of the magistrate binding the defendant for trial and of the ruling of the trial court denying a motion to suppress evidence. *Crueger* is a proceeding seeking a writ of prohibition to set aside action of a magistrate binding the defendant over for trial. In both *Bloom* and *Crueger,* the Court of Appeal was bound by permissible inferences drawn by the trial court or magistrate that questions asked by the detaining officers regarding the contents of the valise and bag were not in effect demands to search the containers.

In the case at bench, the officers asked respondent what was in the box in his shirt pocket. The magistrate drew the inferences that the question did not import a demand that respondent submit to a search of the box and that respondent voluntarily abandoned the marijuana. Those inferences were permissible ones from the evidence and hence are binding upon the superior court and upon us. (*Crueger* v. *Superior Court, supra,* 7 Cal.App. 3d 147, 152, and cases there cited.) The inferences impel the conclusion that the evidence was not illegally obtained. For that reason, the judgment of the superior court dismissing the information must be reversed.

The judgment is reversed.

Wood, P. J., and Lillie, J., concurred.