[Crim. No. 6805. Fourth Dist., Div. One. Feb. 14, 1975.]

THE PEOPLE, Plaintiff and Respondent, v.
ALAN RICHARD KETCHUM, Defendant and Appellant.

**COUNSEL**

Crobarger & Tessem and Roger C. Crobarger for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Daniel J. Kremer, Assistant Attorney General, Jay M. Bloom and Michael E. Lasater, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**THE COURT.***—Alan Richard Ketchum appeals his conviction (probation order) of possessing marijuana (Health & Saf. Code, § 11357) based on his plea of guilty after his motion to suppress evidence had been denied.

Investigating a report of a prowler, San Diego Police Officer Jerome C. Van Wey saw Ketchum carrying a large box. It was about 11:30 p.m. A witness in the area said Ketchum had been acting suspiciously and was looking over fences. Ketchum passed out of Officer Van Wey's view.

---

*Before Brown (Gerald), P..J., Whelan, J., and Ault, J.

Van Wey followed Ketchum and when he again saw him, Ketchum was emptyhanded. Van Wey asked Ketchum where the box was. Ketchum said he wasn't carrying a box—it must have been someone else.

Van Wey put Ketchum in the back of his car and then backtracked, looking around houses and yards. He found the box under some bushes in a yard right where Van Wey had first seen Ketchum.

The box was sealed and contained about 40 pounds of marijuana.

That Ketchum was in a residential area at 11:30 p.m. looking over fences into yard areas furnished probable cause for Officer Van Wey to detain him for questioning (*People* v. *Mickelson*, 59 Cal.2d 448 [30 Cal.Rptr. 18, 380 P.2d 658]).

■ Ketchum contends there was no probable cause to arrest him and no probable cause to believe the box contained contraband. The box, however, was found in a stranger's yard where Ketchum had attempted to hide it. As to Ketchum's expectation of privacy, the yard of a stranger was no different than an open field or other place so public in nature "that searches are justifiable without any particular showing of cause or exigency." (*People* v. *Dumas*, 9 Cal.3d 871, 882 [109 Cal.Rptr. 304, 512 P.2d 1208].) The question is not whether Ketchum harbored an expectation of privacy. The question is whether such an expectation would be reasonable (*People* v. *Bradley*, 1 Cal.3d 80, 85 [81 Cal.Rptr. 457, 460 P.2d 129]). We hold Ketchum did not have a reasonable basis for expecting privacy for his effects when placed under bushes in a stranger's yard.

Moreover, the trial judge's finding Ketchum voluntarily abandoned the box is supported by evidence he rid himself of it then disclaimed ever having had it (see *People* v. *Shoemaker*, 16 Cal.App.3d 316, 320 [93 Cal.Rptr. 921]; *People* v. *Superior Court* [*Barrett*] 23 Cal.App.3d 1004, 1010 [100 Cal.Rptr. 604]).

Judgment affirmed.