68 F.3d 481
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Diana SEMINARA, Plaintiff-Appellant,
v.
CITY OF LONG BEACH, Rory Hainley, and Joseph Lembi,
Defendants-Appellees.
 Nos. 93-56395, 93-56512.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 6, 1995.
Decided Oct. 6, 1995.
 
 1
 Before: Judges D.W. NELSON, and CANBY, Circuit Judges; TANNER,* District Judge.
 
 
 2
 MEMORANDUM**
 
 OVERVIEW
 
 3
 Plaintiff/Appellant Diana Seminara appeals the district court's grant of summary judgment in favor of Defendants the City of Long Beach and two police detectives employed by the City in Plaintiff's 42 U.S.C. Sec. 1983 action alleging violations of her constitutional rights resulting from her arrest for residential burglary.
 
 BACKGROUND
 
 4
 Plaintiff Diana Seminara was arrested without a warrant by defendants Rory Hainley and John Lembi for residential burglary. The victim, Michael Wilken, reported the alleged crime to police on Saturday, July 25, 1992. Plaintiff was arrested at her place of employment on Wednesday, July 29, 1992. The crime report taken by reserve Long Beach Police Officers Bertone and Snyder stated that the door of Mr. Wilken's Long Beach residence at 5050 Garford had been pried open and merchandise and cash taken.
 
 
 5
 Wilken told the officers he suspected his ex-roommate and former fiance, Diana Seminara. He further claimed that Seminara had threatened to "kick the door in and take her stuff," because he had refused to let her remove her belongings, as she owed him for back rent and phone bills. Wilken also acknowledged that Seminara still had a key to the deadbolt lock. Wilken later spoke by telephone to Detective Weaver of the Long Beach Police Department (LBPD), telling him that a witness, Scott Syndergaard, had observed Seminara moving items out of Wilken's residence. Wilken telephoned Detective Weaver of the LBPD on the day of Seminara's arrest, claiming that he had spoken with Plaintiff's father, who was en route from Ohio to take her home. Detective Weaver related this information to Defendant Rory Hainley. Defendants Hainley and Lembi drove to Santa Fe Springs to talk with Seminara at her place of employment. Seminara told them she had moved from the Garford apartment because Wilken had a substance abuse problem and was abusive. She told the officers about her repeated attempts to recover her belongings from the apartment, and Wilken's refusal to allow her to do so. She also told them of her repeated calls to the LBPD inquiring about the proper procedures to follow to reclaim her belongings. The LBPD told Seminara that it was not illegal to break into her own apartment to reclaim her belongings, and that this was what she should do. Seminara admitted breaking into the residence and taking her cats and other of her personal belongings, but denied taking any items belonging to Wilken.[1]
 
 
 6
 Although Seminara showed officer Hainley a rental agreement which named her as a tenant on the lease, the officers arrested her and took her to the police department. There, Hainley removed from Seminara's shopping bag a Notice to Set Case for Trial re Unlawful Detainer, naming both Wilken and Seminara as defendants.
 
 
 7
 Following her arrest, Seminara filed a civil rights action under 42 U.S.C. Sec. 1983 naming the City of Long Beach and officers Hainley and Lembi as defendants. On April 29, 1993, Defendants filed a Motion for Summary Judgment. On August 6, 1993, Plaintiff filed a Motion for Summary Adjudication of Issues and Motion for Review of Magistrate's Discovery Order of August 3, 1993. On August 30, the district court granted Defendants' Motion for Summary Judgment. On September 27, 1993, the district court denied Plaintiff's Motion for Review of Discovery Order and Motion for Summary Adjudication of Issues. Plaintiff timely appealed. The district court had jurisdiction under 28 U.S.C. Sec. 1343. This court has jurisdiction under 28 U.S.C. Sec. 1291. We affirm in part, and reverse in part.
 
 STANDARD OF REVIEW
 
 8
 We review the district court's grant of summary judgment de novo. Summary judgment will be granted if, with the evidence viewed in the light most favorable to the non-moving party, there are no genuine issues of material fact, and the district court correctly applied the relevant substantive law. Nishimoto v. Federman-Bachrach & Associates, 903 F.2d 709, 712 (9th Cir.1990); Fuller v. M.G. Jewelry, 950 F.2d 1437, 1441 (9th Cir.1991). We review the district court's determination of probable cause de novo. United States v. Moses, 796 F.2d 281, 283 (9th Cir.1986). Orders relating to the denial of discovery are reviewed for an abuse of discretion. United States v. Khan, 35 F.3d 426, 431 (9th Cir.1994).
 
 DISCUSSION
 
 9
 On appeal, Seminara argues (1) that officers Hainley and Lembi lacked probable cause to arrest her for burglary or grand theft, and (2) that as a matter of law they were not entitled to qualified immunity.
 
 
 10
 The district court concluded that probable cause existed to arrest Seminara, and that in any event, the officers were entitled to qualified immunity.
 
 I. Qualified Immunity
 
 11
 Government officials performing their discretionary duties are entitled to qualified immunity unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." Thorsted v. Kelly, 858 F.2d 571, 573 (9th Cir.1988), quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).[2] Thus, even if officers mistakenly believed that probable cause to arrest existed, they are nonetheless immune from suit if their mistake was reasonable, in light of clearly established law and the information the officers possessed at the time. Anderson v. Creighton, 483 U.S. 635, 641 (1987); Hunter v. Bryant, 112 S.Ct. 534 (1991); Fuller, 950 F.2d 1437 at 1443. Probable cause is determined by considering "the totality of the circumstances." Illinois v. Gates, 462 U.S. 213, 238 (1983).
 
 A. Burglary
 
 12
 An official is charged with knowledge of controlling precedent. Hallstrom v. City of Garden City, 991 F.2d 1473, 1483 (9th Cir.1993). At the time of Seminara's arrest, it was clearly established that a tenant cannot burglarize her own residence. People v. Gauze, 125 Cal.Rptr. 773, 775 (Ct.App.1975). Defendants argue, however, that Seminara abandoned the apartment, and thus was not a tenant when she was arrested. An abandonment occurs when the lessee leaves the premises with the avowed intention not to be bound by the lease. Kassan v. Stout, 106 Cal.Rptr. 783, 785 (Ct.App.1973).
 
 
 13
 When they arrested Seminara, the officers knew that Seminara had admitted entering Wilken's residence and removing items; that Scott Syndergaard had witnessed Seminara carrying a box down the stairs of the residence on the day of the alleged burglary; and that Seminara denied taking any items belonging to Wilken.
 
 
 14
 The lease signed by Seminara was for one year. That term had not expired at the time of her arrest. The officers had no indication that the landlord intended to release either Seminara or Wilken from their obligations under the lease. When Seminara left the apartment, she left behind personal belongings, including her cats. Although Seminara retained a key to the apartment, Wilken had changed the door locks. Because she did not have a key to the new lock, Seminara broke in after receiving advice from the LBPD. These facts indicate lack of intent to abandon the apartment. Furthermore, prior to being arrested, Seminara had shown officer Hainley a copy of an unlawful detainer naming her as a tenant on the lease.
 
 
 15
 A reasonable police officer would not have ignored the documentary evidence Seminara presented to the officers. See Henderson v. Mohave County Arizona, 54 F.3d 592, 595 (9th Cir.1995) (no qualified immunity where officers act "deaf" to explanations offered by an arrestee or "blind" to documentary evidence presented to them).
 
 
 16
 Under these circumstances, the officers had neither probable cause, nor a reasonable belief that probable cause existed to arrest Seminara for burglary.
 
 B. Grand Theft
 
 17
 To constitute probable cause to arrest for grand theft, the evidence must establish that the officers had reasonable cause to believe that Seminara took Wilken's property; that she intended to deprive Wilken permanently of his property; and that the property was valued at more than $400. Kennedy, 887 F.2d at 923. The officers were aware that Wilken and Seminara were embroiled in a domestic dispute before they arrested her, and Seminara vehemently denied taking either money or property belonging to Wilken. Furthermore, Seminara was still on her job four days after the incident, casting doubt upon Wilken's claim that she was about to flee to Ohio.
 
 
 18
 An officer has a duty to inquire into the basis of a witness' knowledge. Fuller, 950 F.2d at 1444. See Beck v. Ohio, 379 U.S. 89, 97 (1964) (when the constitutionality of an arrest is predicated upon an informer's tip, the government must show with specificity "why the officer thought the information was credible").[3] Thus, under the totality of the circumstances, the officers may not rely exclusively on Wilken's accusation to establish a reasonable belief that Seminara had stolen $400 and personal belongings of Wilken's. In light of her denials, viewed in the context of an ongoing domestic dispute, the officers bore a duty to conduct some investigation into the credibility of Wilken's accusations before effecting a warrantless arrest.
 
 
 19
 Here, the officers failed to conduct any reasonable investigation once they were on notice from Seminara that she could not have committed burglary of her own apartment, that she lacked the specific intent to commit grand theft, and that she had no intention of fleeing the state. In fact, Detective Hainley admitted that he made a fruitless computer search for the July 23, 1992 call only after he had arrested Seminara. Given the undisputed facts, we conclude that under the totality of the circumstances, there was no probable cause at the time of arrest to believe that Seminara had committed grand theft. Moreover, reasonable officers in the defendants' positions would not have believed that probable cause for arrest existed. Because probable cause is lacking, and the officers are not entitled to qualified immunity, Seminara is entitled to summary judgment on the question of liability of the Defendant officers. See Hallstrom, 991 F.2d 1473 (reversing finding of qualified immunity and remanding only for question of damages).
 
 C. Constitutionality of Arrest
 
 20
 Finally, Seminara's warrantless arrest provides an independent basis for reversal. The only basis for dispensing with the warrant requirement was the officers' reliance on Wilken's bald assertion that Seminara posed a flight risk. Wilken told police that Seminara's father was en route to California to take Seminara back to Ohio with him. Even assuming Wilken's statement is credible, exigency is lacking. The officers found Seminara on her job four days after she broke into the apartment. Furthermore, counsel for Seminara requested the court to take judicial notice of the fact that Seminara's father could not have driven from Ohio to California in one day.
 
 
 21
 An officer possessing this information could not reasonably have believed that Seminara posed a flight risk. Thus, the warrantless arrest was unconstitutional apart from the existence of probable cause.
 
 II. Plaintiff's Monell Claim
 
 22
 Defendants argue that Plaintiff cannot establish a Monell claim against the City of Long Beach.
 
 
 23
 Municipal liability under 42 U.S.C. Sec. 1983 may be imposed for injuries inflicted pursuant to an official government policy or custom. Monell v. New York City Dept. of Social Srvcs., 436 U.S. 658, 694 (1978).
 
 
 24
 Plaintiff has not raised the Monell issue on appeal, and thus has not presented evidence that would suggest deliberate indifference by the City to the training of its officers as to probable cause, or a pattern or practice of violating citizens' rights. Thus, we affirm the district court's grant of summary judgment on Plaintiff's claim against the City of Long Beach.
 
 III. Discovery
 A. Imposition of Protective Order
 
 25
 Plaintiff argues that the district court abused its discretion in sua sponte imposing a protective order. This argument lacks merit.
 
 
 26
 A court may, if circumstances so justify, enter a protective order sua sponte. See Lesal Interiors, Inc. v. Resolution Trust Corp., 153 F.R.D. 552, 558 n. 4 (D.N.J.1994); Nestle Foods Corp. v. Aetna Cas. and Sur. Co., 129 F.R.D. (D.N.J.1990) (court in its discretion can enter protective order upon showing of good cause).
 
 
 27
 Plaintiff also argues that Defendants' motion was untimely. While the express language of Fed.R.Civ.P. 26 does not set limits within which a motion for protective order must be made, there is an implicit requirement that the motion be timely, or seasonable. Brittain v. Stroh Brewery Co., 136 F.R.D. 408, 413 (M.D.N.C.1991). A motion for protective order is timely if made prior to the date set for the discovery. Id.[4] In this case, the motion for protective order was made by Defendant in the Stipulation of Counsel filed July 6, 1993, beyond the 30-day limit. Thus, the motion for protective order is untimely unless good cause to excuse the untimeliness exists. Id. at 414. Defendant established good cause in that Defendant noted its objections in response to the written discovery; both parties attempted to negotiate a stipulated protective order, and submitted separate proposed orders after failing to agree; Defendant moved for a protective order in response to Plaintiff's Motion to Compel; and Defendant submitted its proposed order along with its Stipulation. Id.
 
 
 28
 Plaintiff argues that the district court erred when it granted Defendants' motion for summary judgment while Plaintiff's motion for review of discovery order was pending. Plaintiff's reliance in making this argument on Garrett v. City and County of San Francisco, 818 F.2d 1515 (9th Cir.1987), is misplaced.[5] In Garrett, summary judgment in favor of defendants was reversed because the lower court granted the motion without first determining the merits of plaintiff's discovery motion. Id. at 1519. Thus, that case dealt with the trial court's failure to exercise discretion, not the abuse of it. Here, the Magistrate Judge did address the merits of Seminara's motion to compel, which was granted in part and denied in part. The district judge simply upheld the Magistrate Judge's decision. The district court did not abuse its discretion.
 
 B. Magistrate Judge's Ruling
 
 29
 Plaintiff argues that the district court erred in failing to reconsider the Magistrate Judge's discovery rulings.
 
 
 30
 A magistrate's order is not to be reconsidered unless it is "clearly erroneous or contrary to law." 28 U.S.C. Sec. 636(b)(1)(A) and Fed.R.Civ.P. 72(a).
 
 
 31
 Federal Rule of Civil Procedure 26(c) authorizes the issuance of a protective order upon a showing of good cause. Fed.R.Civ.P. 26(c). Blankenship v. Hearst, 519 F.2d 418, 429 (9th Cir.1975). The movant must demonstrate a particular and specific need for the order. General Dynamics Corp. v. Selb Mfg. Co., 481 F.2d 1204, 1212 (8th Cir.1973).
 
 
 32
 Federal common law recognizes a qualified privilege for official information. Kerr v. United States Dist. Ct. for N.D. Cal., 511 F.2d 192, 198 (9th Cir.1975), aff'd, 426 U.S. 394, 96 S.Ct. 2119 (1976).[6]
 
 
 33
 In determining whether information sought is privileged, we must employ a balancing test, weighing the potential benefits of disclosure against the potential disadvantages. Sanchez v. City of Santa Ana, 936 F.2d 1027, 1033-34 (9th Cir.1990).
 
 
 34
 Magistrate Judge Brown weighed the individual's right of privacy against the requesting party's need for discovery, and determined that the former outweighed the latter. The Magistrate Judge's ruling is not clearly erroneous or contrary to law. The district court did not abuse its discretion in affirming the Magistrate Judge's ruling. Even if issuance of the protective order was error, it was harmless because it did not prejudice Seminara. Plaintiff was successful in compelling disclosure of the Internal Investigation files of officers Hainley and Lembi, as well as the LBPD Internal Affairs file regarding Bill Westland in Westland v. City of Long Beach et. al., CV 88-01949, in which Hainley was a named defendant.
 
 C. Sanctions
 
 35
 The trial court's refusal to grant sanctions for defendant's failure to engage in discovery is reviewed for an abuse of discretion. Marquis v. Chrysler Corp., 577 F.2d 624, (9th Cir.1987).
 
 
 36
 Sanctions under Fed.R.Civ.P. 37(a)(4) in the form of attorneys fees may be awarded to the prevailing party in a discovery dispute unless the court finds that the opposition to the motion was substantially justified. H.K. Porter Co. v. Goodyear Tire and Rubber, 536 F.2d 1115, 1124-1125 (9th Cir.1976). The Defendants' opposition was substantially justified and supported by authority. The district court's denial of Plaintiff's motion for sanctions was not an abuse of discretion.
 
 CONCLUSION
 
 37
 We REVERSE the district court's grant of summary judgment in favor of Defendant Officers Hainley and Lembi on the issues of probable cause and qualified immunity, and enter summary judgment in favor of Plaintiff Seminara on those issues. We AFFIRM the grant of summary judgment in favor of Defendant City of Long Beach on Plaintiff's Monell claim, and AFFIRM the discovery rulings and the denial of sanctions. AFFIRMED in part, REVERSED in part and REMANDED for trial on damages. Plaintiff is entitled to two-thirds of her costs on appeal.
 
 
 
 *
 The Honorable Jack E. Tanner, Senior United States District Judge for the Western District of Washington, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Wilken claimed that a vacuum, kitchen utensils, skis, artwork, and $400 in cash were taken. Seminara stated that she only removed her cats, kitchen utensils, furniture, a painting, and carrier which belonged to her. She denied taking any money
 
 
 [2]
 It is clearly established that an arrest without probable cause violates the constitution. Kennedy v. Los Angeles Police Dept., 887 F.2d 920, 924 (9th Cir.1989)
 
 
 [3]
 See Merriman v. Walton, 856 F.2d 1333, 1335 (9th Cir.1988), cert. denied, 491 U.S. 905 (1989) (holding that officers cannot reasonably rely on one witness' allegations in making arrest without conducting further investigation to corroborate those allegations); Ripson v. Alles, 21 F.3d 805, 808 (8th Cir.1994) (fact that the accuser and the accused were engaged in a custody dispute over their daughter relevant in finding no qualified immunity for officer arresting the plaintiff on allegation of child sexual abuse)
 
 
 [4]
 Written discovery provides a party 30 days within which to file a response. See Fed.R.Civ.P. 33(a), 34(b), and 36(a). Id. at 413, n. 3
 
 
 [5]
 Seminara filed a Declaration stating that a discovery motion was pending on issues affecting her ability to address the Defendant's motion for summary judgment on the municipal liability issue
 
 
 [6]
 Defendants objected to Plaintiff's Requests for Production Nos. 2 and 3 on the following grounds: (1) burdensome, oppressive or overly broad; (2) invasion of constitutionally protected right to privacy (privileged and confidential); (3) irrelevant; and (4) official privilege
 Long Beach Chief of Police William Ellis submitted a Declaration with Defendants' responses to interrogatories, stating that the requested documents were personnel records confidentially maintained.