[Crim. No. 16728. Second Dist., Div. Four. Jan. 20, 1970.]

THE PEOPLE, Plaintiff and Appellant, v.
ROBERT STEVEN LINGO, Defendant and Respondent.

662

## COUNSEL

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, Evelle J. Younger, District Attorney, Harry Wood and Robert J. Lord, Deputy District Attorneys, for Plaintiff and Appellant.

Richard S. Buckley, Public Defender, Harold E. Shabo and James L. McCormick, Deputy Public Defenders, for Defendant and Respondent.

## OPINION

**KINGSLEY, J.**—This is an appeal by the People, pursuant to subdivision 7 of section 1238 of the Penal Code,[1] from an order of the Superior Court made under subdivision (*l*) of section 1538.5 and section 1385, dismissing

[1] All statutory citations are to the Penal Code unless otherwise indicated.

a criminal prosecution after the court had granted a motion by defendant, made under section 1538.5, to suppress certain evidence.

It was conceded in the trial court that, if the motion to suppress was properly granted, the People had insufficient evidence to sustain a conviction.

## I

■ Defendant argues that the People may not, on this appeal from an order of dismissal, secure a review of the suppression order, the argument being that the sole remedy for review of a suppression order is a petition for a writ of prohibition or mandate pursuant to subdivision (o) of section 1538.5. In making that contention, defendant relies on the decision in *People* v. *Sheahan*\* (Cal.App.) 79 Cal.Rptr. 299. But a rehearing has been granted in *Sheahan,* and its theory was expressly rejected in *People* v. *Foster* (1969) 274 Cal.App.2d 778 [79 Cal.Rptr. 397].[2] We agree with the result of the *Foster* case.

## II

Defendant was a passenger in an automobile driven by Larry Morley. Police officers stopped the car for an equipment violation (no rear license plate). Both the driver and defendant alighted from the car.[3] The officers made a pat down search for weapons, which disclosed nothing. The driver had an expired driver's license; defendant, questioned about ownership, produced a registration from Colorado in another person's name and stated that he was the owner and in the process of securing a transfer of the title documents. One officer saw a phonograph and a portable radio in the car. Suspecting a possible criminal origin of these objects, one officer asked defendant if there were any narcotics in the car; defendant said: "No." The officer then said: "You don't mind if we search?" Defendant replied: "Go ahead and search." A search disclosed a box containing marijuana.

■ It is the defense contention, adopted by the trial court, that the apparent consent was vitiated because it followed a detention and interrogation made without justification. We agree.

The equipment violation authorized the officers to stop the car and to detain it and its occupants for such period of time as was necessary to issue a citation for that violation and for the properly discovered additional

---

\*A rehearing was granted by the Court of Appeal on July 25, 1969. The final opinion was filed on December 2, 1969, and certified for nonpublication.

[2]See also, *People* v. *Martin* (1969) 2 Cal.App.3d 121 [82 Cal.Rptr. 44].

[3]The record indicates that both men alighted voluntarily.

offense of driving with an expired license. The statute (Veh. Code, § 2800 et seq.) authorized them, having legitimately stopped the vehicle for the equipment violation, to continue that detention while they satisfied themselves as to its registration. On this record, it seems probable that a still further detention for the purpose of inquiry as to the right to possess the radio and phonograph would have been lawful.

But the officers had completed their activity with reference to the equipment, the license, and the registration. They made no effort at all to pursue their suspicions that the radio and phonograph might have been stolen. Instead, they continued to detain defendant, his companion and his vehicle, for an entirely different purpose—namely to make inquiry about an offense which, admittedly, they had no grounds to suspect had been or was being committed. It was admitted that these officers "routinely" questioned all persons detained for any reason if they had narcotics. The officers had no reason, when the question was asked, to suspect any narcotic violation by either man—neither appeared to be under the influence of anything, nothing about their eyes, speech or walk, suggested narcotic usage. The question was asked, and the search made, on a pure hunch.

While the right to stop, detain and question, does not require as much cause as does an arrest, still the officer must have some ground for invasion of the liberty of the citizen. An officer may not, routinely and without any cause whatsoever, detain every citizen he encounters—even if he has violated some traffic rule—in order to interrogate him about narcotics or about any other possible offense, and then use the reply to such questioning as an excuse for a search otherwise unlawful. A citizen is not required to submit to restraint of his freedom of movement for such a purpose.

We do not deal here with temporary detention based on some actual and legitimate suspicion that the person detained might be engaged in the offense inquired about, we do not deal with a temporary detention of a person legitimately supposed to possess information useful in the investigation of a particular offense, we do not deal with a case of interrogation during a detention still lawfully continuing for some other reason, and we do not deal with a case (if such a case be possible) of a mere inquiry not involving a detention. We deal only with the situation disclosed by the record before us, namely a detention unlawfully continued after any lawful purpose had passed and therefore imposed solely for the purpose of asking a question based either on pure hunch or on mere routine police practice. Once the officers here had detained defendant beyond the time necessary to perform their legitimate functions, he was

illegally detained and his status was the same as that of the defendant in *People* v. *Moore* (1968) 69 Cal.2d 674 [72 Cal.Rptr. 800, 446 P.2d 800], where the Supreme Court held that interrogation and a request to submit to a search, during a detention not based on any legitimate grounds, was unlawful and barred the use of the information thus secured.

The order appealed from is affirmed.

Files, P. J., and Dunn, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied March 19, 1970.