[Crim. No. 18814. Second Dist., Div. Four. Mar. 24, 1971.]

THE PEOPLE, Plaintiff and Appellant, v.
O'DELL THOMAS, Defendant and Respondent.

## COUNSEL

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, Evelle J. Younger and Joseph P. Busch, Jr., District Attorneys, Harry Wood and Eugene D. Tavris, Deputy District Attorneys, for Plaintiff and Appellant.

Richard S. Buckley, Public Defender, James L. McCormick, David LaFaille and Harry W. Brainard, Deputy Public Defenders, for Defendant and Respondent.

## OPINION

**JEFFERSON, Acting P. J.**—This is an appeal by the People, pursuant to Penal Code section 1238, subdivision (7) from an order of the superior court granting the defendant and respondent's motions to suppress pursuant to Penal Code section 1538.5 and for dismissal.

Defendant was charged by an information with having been in possession and control of an automatic pistol capable of being concealed upon the person and having a barrel of less than 12 inches in length, after having previously been convicted of the felony of burglary, in violation of the Dangerous Weapons' Control Law. (Pen. Code, § 12021.) Defendant's preliminary examination was conducted on April 6, 1970, after which his motion pursuant to Penal Code section 1538.5 was heard on June 18, 1970.

Robert W. Diton was called as a witness and testified. Both sides rested. Defendant's motion to suppress the evidence was granted and the information was dismissed and the defendant was discharged.

Robert W. Diton, a Los Angeles police officer, was on duty March 11, 1970, when he received a radio call to "go to 4214 South Avalon, man with gun." The officer answered the call and went to the address and spoke to one Tenolia Pilot, who resided at the above address. She informed the officer that defendant had been at her residence earlier with a gun and

that he was waving it at her and threatening to shoot her. Defendant was not present at the Pilot residence when the officer took the statement.

On March 23, 1970, Officer Diton and his partner were on duty in uniform and operating a regulation black and white vehicle. They were on patrol duty traveling northbound on Avalon Boulevard. As they were passing 4214 South Avalon Boulevard Officer Diton observed defendant walking on the sidewalk parallel with the fence which enclosed the Pilot residence. Defendant was from 10 to 15 feet from the front gate, which was the entrance-way to the Pilot residence. Officer Diton recognized defendant, whom he had seen several times before and knew by sight and by name. He stopped the patrol vehicle, alighted and approached defendant, who by now had his hand on the front gate and was pushing it open.

The officer called the defendant by his name and asked him "How are you this evening?" to which defendant replied "Just fine." The officer then asked defendant if he had any weapon on him and defendant made some kind of reply—the exact words the officer did not remember. The officer then conducted a cursory search of defendant's person. The officer felt a small hard object in defendant's right rear pants pocket during the "pat-down." The officer removed the object which was a .25 caliber automatic. Defendant was then arrested and transported to the police station.

■ The People contend that the gun, clip and bullets and the fingerprint exemplars were not obtained as a result of an unlawful search and seizure. With this we disagree.

■ It is generally agreed that an officer is justified in making a pat-down search if he has objective cause to believe that the suspect is armed or for the officer's own safety, but there must be objective factors which reasonably indicate to the officer that this type of a search is necessary for his protection. If not, the officer may not conduct a pat-down search. (*People* v. *Collins,* 1 Cal.3d 658, 661-662 [83 Cal.Rptr. 179, 463 P.2d 403].) The record before us is devoid of any statement on the part of Officer Diton that, at the time he approached defendant, he was in the slightest concerned for his own safety. In fact, the trial court specifically found that Officer Diton acted on "subjective suspicions."[1] In the instant case, there were no suspicious circumstances shown which caused Officer Diton to approach defendant; the officer knew defendant by name, hence no need for identification arose. There was nothing in defendant's conduct or actions as Officer Diton approached which would indicate any criminal

---

[1]The trial court announced: "Let me explain my decision. I do not understand that the law authorizes an officer to pat down an individual on a mere subjective suspicion that he may carry a gun. There must be some overt, articulate physical facts to justify a pat-down detention. *There are none in this case.*" (Italics added.)

activity was involved. (*People* v. *Escollias,* 264 Cal.App.2d 16, 19-20 [70 Cal.Rptr. 65].)

■ It is true that Tenolia Pilot's original complaint, if believed by the officers, would have entitled them to arrest defendant for the felony offense of assault with a deadly weapon, in violation of section 245 of the Penal Code. But the officers were not required to accept Pilot's story at face value. They may well have regarded defendant as being guilty, at the most, of a violation of section 415 (disturbing the peace)—an offense which, being a misdemeanor not committed in their presence, would not have justified an arrest two weeks later. There is evidence in the record from which the trial court could properly have determined that the latter state of mind existed: Officer Diton did not ask Pilot to make a formal complaint; although he knew defendant, he made no effort to locate him during the 12-day interval, even for interrogation; when defendant was seen, he was accosted in a manner hardly consistent with an intent to arrest, or indicative of any apprehension of harm by the officer. Under these circumstances, we cannot say that the trial court was not entitled to regard the search of defendant as being based on nothing more than the vaguest kind of hunch.

■ It seems clear to us that Officer Diton's initial detention was illegal. Therefore the subsequent pat-down and the discovery of the .25 caliber automatic in defendant's pants pocket was also illegal. The court's order granting defendant's motion to suppress the evidence and for a dismissal of the information pursuant to Penal Code section 1538.5 was properly granted. We said in *People* v. *Lingo,* 3 Cal.App.3d 661, at p. 664 [83 Cal.Rptr. 755]: ■ "While the right to stop, detain and question, does not require as much cause as does an arrest, still the officer must have some ground for invasion of the liberty of the citizen. An officer may not, routinely and without any cause whatsoever, detain every citizen he encounters . . . in order to interrogate him about . . . any . . . possible offense, and then use the reply to such questioning as an excuse for a search otherwise unlawful. A citizen is not required to submit to restraint of his freedom of movement, for such a purpose."

"Although circumstances short of probable cause to make an arrest may still justify an officer in stopping a pedestrian on the streets for questioning, a police officer may not detain and question a person when there are no circumstances which would indicate to a reasonable man in a like position that such a course was necessary to the proper discharge of the officer's duties. [Citations.]" (*People* v. *Moore,* 69 Cal.2d 674, 682-683 [72 Cal.Rptr. 800, 446 P.2d 800].)

■ Our review of the record in the instant case fails to reveal any

circumstances which would indicate to Officer Diton or to a reasonable man in like position that such a course was necessary to a proper discharge of his duties. Since Officer Diton and his partner were not justified in detaining and searching the defendant, the evidence they obtained when searching him was not admissible.

The order appealed from is affirmed.

Kingsley, J., and Dunn, J., concurred.