[Crim. No. 20842. Second Dist., Div. Four. Mar. 21, 1972.]

THE PEOPLE, Plaintiff and Appellant, v.
MICHAEL CHARLES MILLER, Defendant and Respondent.

## COUNSEL

Evelle J. Younger, Attorney General, William E. James, Assistant Attorney General, Joseph P. Busch, Jr., District Attorney, Harry Wood and Robert J. Lord, Deputy District Attorneys, for Plaintiff and Appellant.

Richard S. Buckley, Public Defender, James L. McCormick, H. Reed Webb and Leighton A. Nugent, Deputy Public Defenders, for Defendant and Respondent.

## OPINION

**DUNN, J.**—The People appeal from an order setting aside an information (Pen. Code, § 1238, subd. (a) (1)), granted on defendant's motion made pursuant to Penal Code section 995. The information was in two counts charging defendant with (count I) possessing marijuana, a felony, in viola-

tion of Health and Safety Code section 11530 and (count II) possessing marijuana for sale, a felony, in violation of Health and Safety Code section 11530.5.

The reporter's transcript indicates the motion was made on the sole ground that defendant had been committed by the magistrate without reasonable and probable cause. To rule on the motion, the court read the transcript of the preliminary hearing, ruled that the contraband was seized as the result of an unlawful search and granted the motion. Defendant and the trial court relied to a great extent upon our holding in *People* v. *Lingo* (1970) 3 Cal.App.3d 661 [83 Cal.Rptr. 755]. However, that case is thoroughly distinguishable, both procedurally and factually.

Procedurally, that case involved a superior court order suppressing evidence pursuant to Penal Code section 1538.5 and an order made thereafter dismissing the case pursuant to Penal Code section 1385. We affirmed that trial court. In the case now before us, the information was set aside under Penal Code section 995. No motion to suppress (Pen. Code, § 1538.5) was made or ruled upon. In the *Lingo* case we could look only to the facts as found by the superior court. In the present case, we look only to the facts as found by the magistrate. ▮ The superior court had no right to find contrary facts; it was limited to determining whether the magistrate's findings were supported by the evidence and any inferences reasonably deducible therefrom. (*People* v. *Superior Court* (*Kusano*) (1969) 276 Cal.App.2d 581, 585 [81 Cal.Rptr. 42].) As we said in *People* v. *Reynolds* (1969) 276 Cal.App.2d 825, 827 [84 Cal.Rptr. 331]: "When, under section 995, the superior court reviews the decision of the magistrate that reasonable or sufficient cause exists to hold a defendant to answer to a charge, the court may not substitute its judgment as to the weight of the evidence presented, nor may it judge the credibility of the witnesses who testified. . . . If there is some evidence to support the information, the superior court is not permitted to inquire into its sufficiency." ▮ And in *People* v. *Martinez* (1970) 3 Cal.App.3d 886, 889 [83 Cal.Rptr. 914] the court stated: "For purposes of a section 995 motion, all inferences favorable to the magistrate's ruling at the preliminary hearing must be drawn." ▮ From the foregoing it is clear that a superior court acts under section 995 only as a court of review in determining the sufficiency of the evidence received by a magistrate.

In the present case, the magistrate found "the search was a consentual [*sic*] search" and was valid. The only question presented for review by

the superior court was whether there was any evidence supporting the magistrate. The superior court was not at liberty to reweigh that evidence.

█ There was ample evidence to sustain the magistrate's ruling. Without detailing it, we note that a police officer stopped the car driven by defendant because its windshield was cracked and broken in several places, resulting in an unlawful condition. (Veh. Code, § 26710.) The police officer noticed the automobile had no ignition switch and suspected it might have been stolen. He inquired of defendant about that condition and was told by defendant that he had just bought the car and had "hot-wired" the ignition. The officer asked for the registration slip and was handed a number of papers supposed to represent the sale transaction. Among these was a pink slip apparently signed by the former owner, but the pink slip related to a 1955 vehicle and defendant's was a 1956 model. During further conversation, defendant advised the officer he previously had "been arrested for narcotics."

The officer sent a radio call to ascertain if the car had been reported stolen. Before receiving any reply, he asked defendant if he could look through the vehicle. The defendant "stated it was all right. I told him he didn't have to let me look at the car." Defendant then said, "I have nothing to hide. You can go ahead and look." The officer examined the car from the driver's side, then went to the passenger's door which was open, defendant's passenger having alighted. There on the floorboard in plain sight was a tin-foil "bindle" which, from past experience, the officer believed to contain narcotics. It did. He looked under the seat of the passenger's side and found three more bindles. The four totaled 6.5 grams of hashish, a form of marijuana.

Regarding the factual differences between the case at hand and *Lingo*, in the latter it was noted (p. 664): "We do not deal here with temporary detention based on some actual and legitimate suspicion that the person detained might be engaged in the offense inquired about, we do not deal with a temporary detention of a person legitimately supposed to possess information useful in the investigation of a particular offense, we do not deal with a case of interrogation during a detention still lawfully continuing for some other reason, and we do not deal with a case (if such a case be possible) of a mere inquiry not involving a detention. We deal only with the situation disclosed by the record before us, namely a detention unlawfully continued after any lawful purpose had passed and therefore imposed solely for the purpose of asking a question based either on pure hunch or on mere routine police practice."

Defendant argues that as a matter of law the search here was unlawful

because it occurred after a right to detain had expired, the search being conducted solely on the officer's "hunch" that he would find narcotics. As indicated, the record sustains a contrary view supporting the magistrate.

The order is reversed.

Jefferson, Acting P. J., and Kingsley, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied May 18, 1972.