*Supp. 3 Opinion
WOOLPERT, J.
Charged with a misdemeanor violation of Business and Professions Code section 4149, possession of a hypodermic syringe, and an infraction violation of Vehicle Code section 21804, subdivision (a), failure to yield to approaching traffic, appellant Tasha Anne Lusardi appeals from a denial by the Municipal Court of the County of San Luis Obispo of her motion to suppress certain incriminating evidence.
There is little doubt the police officer was entitled to make a traffic stop of appellant when he observed her fail to yield the right-of-way. He recognized the personalized license plates on appellant’s automobile, and her, as well, from previous contacts.
When the traffic stop occurred, the officer asked her for her driver’s license, automobile registration, and proof of insurance. Appellant promptly produced all, and all were in order. Then the officer “went fishing.” With nothing to guide him except appellant’s history as known to him, he asked her if she was still a user of narcotics or dealing in narcotics. She denied such nefarious activity. She exhibited no signs of drug usage, nor did the officer see any indicia of drug use or possession or sales in plain view in the vehicle. Undaunted, the officer asked if he could search the car, and the trial court concluded appellant consented thereto. The search turned up the drug paraphernalia appellant attempted to suppress. Only after the paraphernalia was discovered did the officer ever write a citation. The trial court, concluding that the detention was valid, that the detention was not unduly prolonged, and that appellant consented to the search, denied the suppression motion. This appeal follows, and appellant makes the contention that the search, even if consensual, was unjustified because the officer had no right or cause to ask for such consent.
Initially, we will decline appellant’s request to reweigh the evidence and conclude she did not consent. The trial court held against her on that issue, and substantial evidence supports that finding. We will not disturb it.
The more difficult question is whether the officer had a right to ask for the right to search. We answer that question in the negative.
People v. McGaughran (1979) 25 Cal.3d 577 [159 Cal.Rptr. 191, 601 P.2d 207] teaches about unlawful prolongation of traffic stop detentions. It instructs that when a police officer prolonged a valid traffic detention beyond the point when such duties as were “reasonably necessary” to complete the issuance of a traffic citation had been performed, the detention then became illegal. Any evidence seized during the illegal detention would then be *Supp. 4 suppressed. What are the types of duties “reasonably necessary” to complete a detention for a traffic infraction? McGaughran discusses such duties as surely including the time necessary to write out the citation, explain the violation to the offender, obtain driver’s license and vehicle registration information, listen to any explanation from the offender, examine the offender’s vehicle for unsafe conditions, move the offender’s vehicle for safety’s sake, and, if appropriate, request a warrant or registration check. (25 Cal.3d at pp. 583-584.)
None of the above listed requirements include a search of appellant’s car under the facts of the instant case. Appellant did all required of a driver of a vehicle to merit a ticket for her failure to yield, and nothing more. But more occurred, and that more had nothing to do with what was “reasonably necessary” to complete the ticket-writing part of the detention.
There is, of course, the doctrine of “escalating probable cause,” where an entirely innocent encounter can provide increasing reasons and justification for detaining, questioning, and then seizing and searching. Such a case is People v. Warren (1984) 152 Cal.App.3d 991 [199 Cal.Rptr. 864], where the officer, a fishing enthusiast, saw the defendant carrying a number of fishing poles and other fishing tackle around Fifth and Main Streets in downtown Los Angeles. The defendant’s strange and inaccurate replies, plus other indicia, provided the basis of promoting a social conversation into an investigative stop, then to a detention, and, finally, to a search and arrest.
None of the rationale of Warren, supra, 152 Cal.App.3d 991, applies here. Appellant gave no evasive or suspicious replies. No suspicious evidence in plain view in the car activated the officer’s antennae. He simply wanted to investigate a crime for which he had not detained appellant, and for which no probable cause existed. The only basis to justify the search in the instant case is appellant’s consent thereto.
“While the right to stop, detain and question, does not require as much cause as does an arrest, still the officer must have some ground for invasion of the liberty of the citizen. An officer may not, routinely and without any cause whatsoever, detain every citizen he encounters—even if he has violated some traffic rule—in order to interrogate him about narcotics or about any other possible offense, and then use the reply to such questioning as an excuse for a search otherwise unlawful. A citizen is not required to submit to restraint of his freedom of movement for such a purpose.” (People v. Lingo (1970) 3 Cal.App.3d 661, 664 [83 Cal.Rptr. 755].) In Lingo the trial court had granted the motion to suppress while here the court had denied it. In Lingo the trial court held that the detention was justified, but that the request to search was not justified, Here, *Supp. 5 the trial court concluded that where there is a valid traffic stop, the officer may make a request for consent to search. We conclude, as in Lingo, that officers making a proper traffic arrest cannot, on a mere hunch, properly ask for consent to search. The consent obtained is vitiated because the detention is unlawfully continued after any lawful and proper purpose has passed. (Pendergraft v. Superior Court (1971) 15 Cal.App.3d 237 [93 Cal.Rptr. 155]; People v. Gallant (1990) 225 Cal.App.3d 200 [275 Cal.Rptr. 50].) We conclude, as well, that the language of Williams v. Superior Court (1985) 168 Cal.App.3d 349, 358 [213 Cal.Rptr. 919], applies here: “The clear intent of McGaughran is to preclude officers from imposing a general crime investigation upon the detained traffic offender that is not ‘reasonably necessary’ to completion of the officer’s traffic citation duties unless the officer has an independent reasonable suspicion that the driver has committed unrelated offenses.” When the officer made his request for consent to search in the instant case, he was by so doing unduly and illegally prolonging a legitimate traffic stop.
Concluding the motion to suppress should have been granted, we reverse, and remand the cause to the municipal court and instruct it to grant the motion to suppress.
Money, P. J., concurred. Hammer, J., concurred in the judgment.