[No. G034390. Fourth Dist., Div. Three. May 19, 2005.]

THE PEOPLE, Plaintiff and Appellant, v.
EDWARD FLORES GALLARDO, Defendant and Respondent.

**COUNSEL**

Tony Rackauckas, District Attorney, and Brian F. Fitzpatrick, Deputy District Attorney, for Plaintiff and Appellant.

Gerald J. Miller, under appointment by the Court of Appeal, for Defendant and Respondent.

**OPINION**

**MOORE, J.**—The Orange County District Attorney challenges an order of the trial court granting defendant's motion pursuant to Penal Code section 1538.5 and dismissing the indictment against him. We find there was no violation of the Fourth Amendment and therefore reverse the order granting the motion and dismissing the information.

I

FACTS

On July 4, 2004, Orange County Deputy Sheriff Mark Froome was on patrol in Lake Forest when he saw a truck with a smashed taillight. He made a traffic stop of the vehicle, which defendant was driving. Froome told defendant he had stopped him because of the taillight and inspected defendant's license and registration.

Froome then asked defendant if there was anything illegal in the car, like weapons or drugs. Defendant said there was not, and the deputy asked for permission to search. Defendant agreed and stepped out of the car. According to Froome, a very short period of time, approximately two minutes, had elapsed from his initial contact with defendant.

Froome proceeded with his search and found a case containing a glass methamphetamine pipe, two small plastic bags each containing a white crystalline substance, and two cut straws. Based on his training and experience, Froome testified that the pipe was used to smoke methamphetamine, while the straws could be used to inhale it. He further testified the bags contained a usable amount of the substance, and a presumptive test returned positive for methamphetamine.

Defendant was arrested and later charged with one count of felony possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)), and one count of misdemeanor possession of paraphernalia (Health & Saf. Code, § 11364). No citation was written for the broken taillight.

Defendant moved, pursuant to Penal Code section 1538.5, to suppress all evidence obtained as a result of the search. Defendant argued the detention was unlawful for lack of reasonable suspicion, and because the detention was illegally prolonged, the consent given was invalid. The trial court granted the motion and dismissed the case. The prosecution now appeals.

II

DISCUSSION

■ In reviewing a motion to suppress, we defer to the lower court's findings of fact supported by substantial evidence, but exercise independent judgment in determining whether the detention was reasonable under the Fourth Amendment. (*People v. Glaser* (1995) 11 Cal.4th 354, 362 [45 Cal.Rptr.2d 425, 902 P.2d 729].)

Defendant's argument is threefold. First, he asserts that the police may not prolong a traffic stop beyond the time needed to address the traffic violation. Second, the police may not use a traffic stop as a pretext to conduct an unrelated search or investigation. Third, the police must have reasonable suspicion of criminal activity before they can request consent to search.

■ We agree with the first proposition. "Under *Terry v. Ohio* (1968) 392 U.S. 1, 19 [20 L.Ed.2d 889, 88 S.Ct. 1868, 1878–1879], the judicial inquiry

into the reasonableness of a detention is a dual one—whether the officer's action was justified at its inception, and whether it was reasonably related in scope to the circumstances which justified the interference in the first place. Detention, not questioning, is the evil at which *Terry's* second prong is aimed. [Citation.]" (*People v. Brown* (1998) 62 Cal.App.4th 493, 496 [72 Cal.Rptr.2d 793].)

■ Moreover, while a police officer may stop a motorist for a traffic violation, the detention cannot be prolonged beyond the time period necessary to address the violation. (*People v. McGaughran* (1979) 25 Cal.3d 577, 584 [159 Cal.Rptr. 191, 601 P.2d 207].) There is no hard-and-fast limit as to the amount of time that is reasonable; rather, it depends on the circumstances of each case. (*Williams v. Superior Court* (1985) 168 Cal.App.3d 349, 358 [213 Cal.Rptr. 919].)

■ Thus, we agree with defendant's claim that traffic stops must be reasonable in duration and not prolonged beyond the time necessary to address the traffic violation. There is no indication here, however, that the detention was unreasonably prolonged, as only a very few minutes had elapsed between the deputy's initial contact with defendant and defendant's consent to search. "[I]nvestigative activities beyond the original purpose of a traffic stop, including warrant checks, are permissible as long as they do not prolong the stop beyond the time it would otherwise take. [Citations.]" (*People v. Brown, supra,* 62 Cal.App.4th at p. 498.) Here, there is no evidence that defendant's detention was unreasonably prolonged by the consensual search, and therefore the length of the detention cannot be the basis for suppressing the fruits of the search.

Defendant's second claim, that a pretextual traffic stop is unlawful, is clearly in error. (See *Whren v. United States* (1996) 517 U.S. 806, 812–813 [135 L.Ed. 2d 89, 116 S.Ct. 1769]; *People v. Ramirez* (1997) 59 Cal.App.4th 1548, 1557, fn. 1 [70 Cal.Rptr.2d 341].) Further, there is no indication this was a pretext stop; defendant does not argue that he did not have a broken taillight and was not subject to a stop for the Vehicle Code violation.

Finally, defendant argues that before requesting consent to search, the police must have an articulable suspicion of wrongdoing. The case law holds otherwise, as long as the detention is not unreasonably prolonged as a result of the request to search. In *People v. Brown, supra,* 62 Cal.App.4th 493, a police officer stopped the defendant for riding a bicycle at night without a light or reflectors. (*Id.* at p. 495.) While the officer was running a warrant check, the officer ascertained the defendant was on probation and requested permission to search, which the defendant granted. (*Ibid.*) Defendant's motion to suppress the drugs found on his person was denied by the trial court and affirmed by the Court of Appeal. (*Id.* at p.493.)

■ The *Brown* court addressed the permissibility of running the warrant check, asking about the defendant's probation status, and requesting permission to search. In addition to holding that the warrant check was permissible, the court also found that questioning the defendant during the time it took to run the warrant check was permissible because it did not prolong the detention. (*People v. Brown, supra,* 62 Cal.App.4th at pp. 498–499.) "Questioning during the routine traffic stop on a subject unrelated to the purpose of the stop is not itself a Fourth Amendment violation. Mere questioning is neither a search nor a seizure. [Citations.] While the traffic detainee is under no obligation to answer unrelated questions, the Constitution does not prohibit law enforcement officers from asking. [Citations.]" (*Id.* at p. 499.) Similarly, the officer was permitted to ask for consent to search, because the search, like the questioning, did not unduly prolong the traffic stop. (*Id.* at pp. 499–500.)

Nothing in *Brown* suggests that reasonable suspicion was required to request consent to search. Although defendant attempts to distinguish *Brown* on the basis that the defendant was on probation, the case discusses a consensual search, not a probation search, and any such distinction is unavailing. The cases defendant relies upon address the issue of obtaining consent to search which unreasonably prolongs the initial detention.[1] (See, e.g., *Williams v. Superior Court, supra,* 168 Cal.App.3d at p. 358; *People v. Lingo* (1970) 3 Cal.App.3d 661 [83 Cal.Rptr. 755]; *People v. Lusardi* (1991) 228 Cal.App.3d Supp. 1 [280 Cal.Rptr. 80].) All of these cases rely on *People v. McGaughran, supra,* 25 Cal.3d 577, which is also a detention case.

■ Thus, we reject the argument that consent requires reasonable suspicion, if requesting consent does not otherwise unduly prolong the traffic stop. There is no indication in this case that the stop was prolonged in any manner; the only evidence offered was that the time that elapsed from the initial contact to requesting consent to search was as little as two minutes. We cannot characterize this as "unduly prolonged" under any reasonable definition of the term, and defendant was, of course, free to decline consent. He does not dispute that his consent was freely given, and because he was not unreasonably detained, we find no Fourth Amendment violation. Thus, the trial court's ruling was in error and shall be reversed.

---

[1] Alternatively, as this court noted in *People v. Gomez* (2004) 117 Cal.App.4th 531 [12 Cal.Rptr.3d 398], the traffic violation provides sufficient probable cause for an arrest, pursuant to *Atwater v. City of Lago Vista* (2001) 532 U.S. 318 [149 L.Ed.2d 549, 121 S.Ct. 1536]. Thus, "*Atwater* foreclose[s] a defendant from challenging a custodial arrest on Fourth Amendment grounds following a valid traffic stop." (*People v. Gomez, supra,* 117 Cal.App.4th at p. 538.) Even if defendant was detained so long that the stop became a de facto arrest, the initial traffic stop provided probable cause, and defendant's consent is still valid.

## III

## DISPOSITION

The court's order granting defendant's motion and dismissing the information is reversed.

Rylaarsdam, Acting P. J., and Fybel, J., concurred.

A petition for a rehearing was denied June 17, 2005, and appellant's petition for review by the Supreme Court was denied September 7, 2005.