Filed 5/7/14  P. v. Russ CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>TERRENCE JAMES RUSS,<br><br>        Defendant and Appellant. | A139590<br><br>(Napa County<br>Super. Ct. No. CR165765) |

Appellant Terrence James Russ contends the trial court erred in denying his motion to suppress evidence discovered during a pat search of his person.  We affirm.

PROCEDURAL BACKGROUND

In May 2013, the Napa County District Attorney filed an information charging appellant with felony possession of a controlled substance, methamphetamine (Health & Saf. Code, § 11377, subd. (a); count 1), misdemeanor being under the influence of a controlled substance (Health & Saf. Code, § 11550, subd. (a); count 2); and misdemeanor possession of a smoking device (Health & Saf. Code, § 11364; count 3).  The information also alleged appellant had a prior conviction for a serious or violent felony (Pen. Code, § 667) and served two prior separate prison terms for felonies (Pen. Code, § 667.5).

In June 2013, pursuant to Penal Code section 1538.5, appellant filed a motion to suppress evidence, which the trial court denied.  Appellant pled no contest to count 1 and admitted the strike and one of the prison priors.  The trial court dismissed the

1

misdemeanor counts and the other prison prior, and subsequently struck the prior strike. The court placed appellant on probation for three years, with a jail condition and mental health referral.

This appeal followed.

## FACTUAL BACKGROUND[1]

On April 24, 2013, Sergeant Oscar Ortiz of the Napa County Sheriff's Office was on patrol in a Wal-Mart parking lot in American Canyon. At around 11:30 p.m., Sergeant Ortiz observed appellant removing sacks of clothes and other items from a car and dumping them on the ground. Appellant was behaving "odd" and moving "frantically."

Sergeant Ortiz approached in his patrol car and asked if appellant was "okay." Appellant explained he was looking for a tracking device because he was being followed by people in a white van. He also believed his phone was tapped. The officer told appellant not to leave garbage behind and continued patrolling.

As Sergeant Ortiz drove around the parking lot, he noticed appellant was drawing the attention of other customers. The officer returned to the area where appellant was and got out of his patrol car. Sergeant Ortiz asked if appellant was okay and "about drug use." Appellant admitted he was a drug user. Sergeant Ortiz testified he began working at the Napa County Sheriff's Office in 1996 and had extensive training and experience recognizing the signs that a person is under the influence of a controlled substance. Appellant's "fidgety behavior," paranoia, and fast speech led the officer to believe appellant might be under the influence of a stimulant.

During his interaction with appellant, Sergeant Ortiz had remained about three to five feet away for safety reasons. He explained drug users, and especially users of

---

[1] This factual summary is based on the testimony presented at the July 10, 2013 hearing on appellant's motion to suppress. On appeal we view the record in the light most favorable to the trial court's ruling. (*People v. Smith* (2010) 190 Cal.App.4th 572, 576.) Our factual summary reflects that standard of review. (See *Pool v. City of Oakland* (1986) 42 Cal.3d 1051, 1056, fn. 1.)

2

stimulants, can be unpredictable and prone to mood and behavior swings, and "paranoia can turn into violence toward law enforcement."

Sergeant Ortiz determined he needed to be closer to appellant to accurately assess appellant's condition, such as by examining appellant's pupils. Appellant wore a baggy jacket and shorts; Sergeant Ortiz could not determine if appellant had a weapon. The officer was concerned appellant might have a syringe or another sharp object that could pose a danger, and the officer decided to conduct a pat-down search of appellant. Appellant was cooperative and indicated he had a pipe in his jacket pocket. A glass methamphetamine smoking pipe with residue in it was retrieved from appellant's pocket.

## DISCUSSION

Appellant contends the pat down search conducted by Sergeant Ortiz violated the Fourth Amendment to the United States Constitution and the evidence seized as a result of the search should have been suppressed.[2]

"In reviewing a ruling on a suppression of evidence motion, we defer to the trial court's factual findings, when supported by substantial evidence, and view the record in the light most favorable to the challenged ruling. [Citations.] . . . We exercise our independent judgment to determine whether, on the facts found and those which are undisputed, the search and seizure was reasonable under the Fourth Amendment. [Citations.]" (*People v. Smith*, *supra*, 190 Cal.App.4th at p. 576.)

The Fourth Amendment "prohibits seizures of persons, including brief investigative stops, when they are 'unreasonable.' [Citations.] . . . A seizure occurs whenever a police officer 'by means of physical force or show of authority' restrains the liberty of a person to walk away. [Citation.]" (*People v. Souza* (1994) 9 Cal.4th 224, 229.) In the present case, appellant does not contend that Sergeant Ortiz's questioning of appellant was an unlawful seizure; instead, appellant challenges the legality of the pat-down search. In *Terry v. Ohio* (1968) 392 U.S. 1, the United States Supreme Court

---

[2] "Pursuant to California Constitution, article I, section 28, subdivision (d), we review challenges to the admissibility of evidence obtained by police searches and seizures under federal constitutional standards." (*People v. Woods* (1999) 21 Cal.4th 668, 674.)

described such a search as "a serious intrusion upon the sanctity of the person," but nevertheless concluded it was not "unreasonable" if the police officer could "point to specific and articulable facts which, taken together with rational inferences from those facts," warranted the intrusion. (*Id.* at pp. 17, 20-21; see also *Souza*, at p. 229.)

In particular, "the police officer must reasonably suspect that the person stopped is armed and dangerous." (*Arizona v. Johnson* (2009) 555 U.S. 323, 326-327.) "The officer need not be absolutely certain that the individual is armed; the issue is whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger." (*Terry v. Ohio*, *supra*, 392 U.S. at p. 27; see also *People v. Thomas* (1971) 16 Cal.App.3d 231, 234 ["[T]here must be objective factors which reasonably indicate to the officer that this type of a search is necessary for his protection"]; *People v. Avila* (1997) 58 Cal.App.4th 1069, 1074 ["[T]he officer need not be absolutely certain that the individual is armed; the crux of the issue is whether a reasonably prudent person in the totality of the circumstances would be warranted in the belief that his or her safety was in danger. [Citation.]"].) A limited search allows an officer " 'to pursue his investigation without fear of violence' " from a suspect. (*In re H.H.* (2009) 174 Cal.App.4th 653, 658.)

In the present case, the trial court concluded that Sergeant Ortiz justifiably feared for his safety given appellant's bizarre behavior, appellant's admission to being a drug user, the time of night, and appellant's baggy clothes. The court did not err. The officer's training and experience gave him reason to be concerned about the potential for sudden violence from users of stimulants, like methamphetamine, particularly a user exhibiting bizarre and paranoid behaviors. In that context, appellant's cooperative and nonthreatening demeanor prior to the pat-search was not dispositive. Appellant's behavior and admission to being a drug user gave reason for Sergeant Ortiz reasonably to suspect appellant might have drug paraphernalia on his person, including a needle. Employed as a weapon, a needle used by a drug addict is dangerous both because of the possibility of physical harm and because of the risk of spread of disease. (*People v. Autry* (1991) 232 Cal.App.3d 365, 369 ["A police officer might well prefer to face an assailant

4

armed with a small caliber pistol rather than a drug addict with a hypodermic needle"].) That appellant wore baggy clothes and that the encounter occurred late at night gave Sergeant Ortiz further reason to be concerned for his safety. (*People v. Collier* (2008) 166 Cal.App.4th 1374, 1377-1378 & fn. 1; *People v. Medina* (2003) 110 Cal.App.4th 171, 177.)

Because "specific and articulable facts which, considered in conjunction with rational inferences to be drawn therefrom, [gave] rise to a reasonable suspicion that [appellant was] armed and dangerous" (*People v. Medina*, *supra*, 110 Cal.App.4th at p. 176), the trial court properly denied appellant's motion to suppress.

DISPOSITION

The judgment is affirmed.

_____
SIMONS, J.

We concur.

_____
JONES, P.J.

_____
BRUINIERS, J.