Filed 8/24/15  P. v. Cruz CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

THE PEOPLE,

    Plaintiff and Respondent,

v.

ELISANDRO PEREZ CRUZ,

    Defendant and Appellant.

E061411

(Super.Ct.No. FVA1300345)

OPINION

APPEAL from the Superior Court of San Bernardino County.  Shahla S. Sabet, Judge.  Affirmed.

Andrea S. Bitar, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Teresa Torreblanca, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant Elisandro Perez Cruz was charged and convicted by a jury with one count of felony possession of a controlled substance, in violation of Health and Safety Code section 11350, subdivision (a). He was sentenced to three years probation and appealed. On appeal, defendant argues (1) the officer's initial stop of the vehicle was unreasonable, (2) even if the initial stop and vehicle search were justified, the officer's prolonged detention of him and his person were not, and (3) he was prejudiced by Officer Gonzalez's violation of his Fourth Amendment rights.

## BACKGROUND

On November 10, 2012, Officer Crystal Gonzalez was on patrol in the area of Frisbee Park in Rialto. While entering the parking lot, she passed closely by a van that was exiting. Driving around five miles per hour, with both her windows and the van's windows rolled down, she noticed the strong smell of marijuana coming from the van. After pulling the van over, she asked the driver about the smell, and he replied that they had "just finished smoking a blunt." She obtained consent to search the vehicle for illegal contraband and asked the driver and his three passengers to sit on the curb while she conducted her search. At this point, nobody was free to leave. The vehicle search lasted "five to ten minutes." After finding no contraband or illegal substances in the vehicle, Officer Gonzales then gained permission to search the defendant. Before beginning her search, defendant informed her that he had cocaine in his front pocket. She then recovered a small baggie of a white substance, and arrested defendant for possession

2

of cocaine. Officer Gonzalez's field test and the crime lab results of the testing of the powder recovered from defendant were positive for cocaine.

Defendant was charged with possession of a controlled substance, in violation of Health and Safety Code, section 11350, subdivision (a). On June 18, 2014, a hearing was held on defense's Penal Code section 1538.5 motion to suppress evidence seized during defendant's arrest. The judge heard the motion despite its untimeliness and denied it on the merits. Jury trial then commenced on the same date. After a guilty verdict from the jury, defendant was sentenced to three years probation. He appeals.

## DISCUSSION

Defendant contends that denial of his motion to suppress under section 1538.5 was improper because the initial stop was unreasonable and defendant was unlawfully detained. We disagree.

The Fourth Amendment protects individuals against unreasonable searches and seizures. A defendant may move to suppress evidence under Penal Code section 1538.5 on grounds that the search or seizure was unreasonable. (Pen. Code § 1538.5, subd. (a)(1)(A).) To determine whether a denial of the motion was proper, we examine the reasonableness of the initial stop, the detention of the passengers, and defendant's consent to be searched.

A) *Standard of Review*

At a hearing on a motion to suppress evidence, the trial court is vested with the power to judge the credibility of witnesses, resolve conflicts in the testimony, weigh the

3

evidence, and draw factual findings.  (*People v. Sun* (2007) 148 Cal.App.4th 374, 381 quoting *People v. Lawler* (1973) 9 Cal.3d 156, 160.)  On appeal, all presumptions favor the proper exercise of that power, and this court upholds the trial court's express and implied factual findings if they are supported by substantial evidence.  (*People v. Leyba* (1981) 29 Cal.3d 591, 596-597 (*Leyba*).)  When the facts bearing on the legality of a detention are undisputed, there is no factual issue entitled to a substantial evidence standard of review.  (*People v. Aldridge* (1984) 35 Cal.3d 473, 477.)  Instead, we are confronted with a question of law as to whether the search or seizure was reasonable under the Fourth Amendment, under an independent standard of review.  (*Leyba, supra,* 29 Cal.3d at p. 597; *People v. Turner* (2013) 219 Cal.App.4th 151, 159.)

 B)  *The Validity of the Traffic Stop*

 Circumstances short of probable cause to arrest may justify a police officer stopping and briefly detaining for questioning or other limited manifestations.  (*Terry v. Ohio* (1968) 392 U.S. 1, 22 (*Terry*).)  In order to justify an investigative stop an officer must be able to point to "specific and articulable facts" leading him or her to believe that either (1) some activity relating to a crime is occurring, and (2) the person he or she intends to stop is involved in that activity.  (*In re Tony C.* (1978) 21 Cal.3d 888, 893.)  Additionally, it must be objectively reasonable for the officer to entertain such a suspicion.  (*Ibid.*)  Ordinary traffic stops are treated as investigatory detentions for which the officer must be able to articulate specific facts justifying the suspicion that a crime is being committed.  (*People v. Suff* (2014) 58 Cal.4th 1013, 1054.)

A police officer has probable cause to search a vehicle after smelling burnt marijuana. (*People v. Waxler* (2014) 224 Cal.App.4th 712, 721 (*Waxler*); see also, *People v. Strasburg* (2007) 148 Cal.App.4th 1052, 1059 (*Strasburg*).) In *Waxler,* the court reasoned that the smell of marijuana would reasonably lead to the suspicion that the vehicle contains contraband, and therefore a warrantless search is justifiable. (*Waxler*, *supra*, at pp. 719-720; *Strasburg*, *supra*, at p. 1059.) If the smell of marijuana provides probable cause to search, at minimum it constitutes reasonable suspicion to conduct an investigative stop.

Here, the officer, who was in her patrol car with the driver's side window open, smelled marijuana emanating from the vehicle in which defendant was a passenger. Notwithstanding the fact that possession of small quantities of marijuana is a minor offense, nonmedical marijuana is still contraband, and may provide probable cause to search a vehicle. (*Waxler, supra,* 224 Cal.App.4th at pp. 715-716.) Thus, the initial stop was valid.

Defendant argues that *Waxler* and *Strasburg* do not control our decision because in those cases the officers stopped the vehicles for other reasons, and the smell of marijuana was detected when the drivers were contacted, giving the officers probable cause to conduct a search. But here, stopping a vehicle based on the smell of marijuana can be analogized to the plain view doctrine. It is well established that observing evidence in "plain view from a position where an officer has a right to be is not constitutionally prohibited." (*People v. Webster* (1991) 54 Cal.3d 411, 431.) If an object

5

is in the plain view where an officer has a right to be, there can be no "search in the constitutional sense." (*People v. Camacho* (2000) 23 Cal.4th 824, 831-832.) Here, the officer was in a position where she had a right to be when she experienced the "plain smell" of marijuana in the open air between the two vehicles as they passed. Because there was no infringement on defendant's liberty interests at the point where the officer came into possession of facts justifying the stop, the traffic stop and detention of the driver were lawful.

C) *Detention of Passengers*

Courts have found that during a traffic stop, the police officer detains "everyone in the vehicle, the driver and his passengers." (*Arizona v. Johnson* (2009) 555 U.S. 323, 326; accord *Brendlin v. California* (2007) 551 U.S. 249, 257.) The court in *Brendlin* explained that it is reasonable for a passenger to understand that when a police officer has stopped a vehicle, he is exercising control over it to the point that no one is free to leave. The California Supreme Court also stated that an officer may order passengers out of the vehicle without violating the Fourth Amendment. (*People v. Hoyos* (2007) 41 Cal.4th 872, 892 [overruled on a different point in *People v. Black* (2014) 58 Cal.4th 912, 919-920].)

An officer's authority to order passengers to exit a vehicle during a traffic stop will be upheld so long as the initial stop was lawful. (*People v. Vibanco* (2007) 151 Cal.App.4th 1, 10 (*Vibanco*), quoting *People v. Saunders* (2006) 38 Cal.4th 1129, 1134.) Thereafter, the officer was authorized to ask defendant for identification, or to perform

6

other investigative activities beyond the original purpose of the traffic stop, so long as they do not prolong the stop beyond the time it would otherwise take.  (*People v. Gallardo* (2005) 130 Cal.App.4th 234, 238.)

Once a vehicle has been stopped, it is reasonable to request such things as identification or other information from passengers as long as it is within the scope of the initial stop.  (See *People v. Grant* (1990) 217 Cal.App.3d 1451, 1461.)  The officer may also talk to anyone he or she encounters while regularly performing his or her duties.  (*Vibanco, supra,* 151 Cal.App.4th at p. 13, citing *People v. Castaneda* (1995) 35 Cal.App.4th 1222, 1227.)  When drugs are involved, it may also be reasonable for an officer to conduct a "limited pat down" of a passenger based on officer safety.  (*People v. Collier* (2008) 166 Cal.App.4th 1374, 1378.)

However, even where "legitimate law enforcement interests justify" a search, it must be "limited in scope" and last "no longer than necessary to effectuate the purpose of the stop."  (*Florida v. Royer* (1983) 460 U.S. 491, 500.)  A search must be "strictly tied to and justified by" the initial stop.  (*Ibid,.* quoting *Terry, supra,* 392 U.S. at p. 19.)  Defendant argues that the detention was unduly prolonged at the time the officer requested consent to pat him down, thereby vitiating his consent.  We acknowledge that an investigating stop exceeds constitutional bounds when extended beyond what is reasonably necessary under the circumstances that made its initiation permissible.  (*People v. McGaughran* (1979) 25 Cal.3d 577, 586.)  A consent to search obtained during an unduly prolonged detention is vitiated.  (*People v. Grace* (1973) 32 Cal.App.3d 447,

7

454.) However, there is no set time limit for a permissible investigative stop and facts coming to light during detention may provide justification to prolong it. (*People v. Russell* (2000) 81 Cal.App.4th 96, 102.)

Here, Gonzalez's search of the vehicle lasted only five to ten minutes and was only conducted for the purpose of searching for contraband after the driver admitted to marijuana use. It was not unduly prolonged so defendant's consent was valid.

D) *Pat down search of Defendant*

After determining that the stop and initial detention is valid, the next step in the Fourth Amendment analysis is to determine the validity of the pat down search of defendant. In the case at bar, defendant consented to his search. In general, if a defendant freely consents to a search his constitutional rights are not violated. (*People v. Michael* (1955) 45 Cal.2d 751.) The prosecutor has the burden of proving that consent was "freely and voluntarily given" and must show more than an "acquiescence . . . to lawful authority." (*Bumper v. North Carolina* (1968) 391 U.S. 543, 548-549.) The voluntariness of defendant's consent is based on the totality of facts. (*Ohio v. Robinette* (1996) 519 U.S. 33.) For example, consent is not voluntary if made under compulsion. (*People v. McKelvy* (1972) 23 Cal.App.3d 1027, 1033-1034.) Also, if the search was part of an illegal detention or without probable cause, the consent becomes ineffective. (*People v. Leib* (1976) 16 Cal.3d 869, 877; *People v. Lawler* (1973) 9 Cal.3d 156.) However, a defendant need not be aware of his right to refuse consent to a search in order for his consent to be voluntary. (*Schneckloth v. Bustamonte* (1973) 412 U.S. 218, 234.)

8

Here, there is nothing in the record to suggest that defendant's consent to be searched was not valid.  He was not coerced, his detention was legal, and he was not merely submitting to authority.  Furthermore, defendant not only gave permission to be searched, but freely and voluntarily revealed that he had contraband on his person.  Therefore, defendant's search was valid.

Based on the above analysis, there is nothing to indicate that the initial stop was unreasonable or that defendant was unlawfully detained and searched.  Firstly, the initial stop was reasonable based upon a reasonable suspicion of the presence of drugs in the van.  Secondly, the detention and search of the defendant was justified because he was a passenger in the vehicle that was stopped.  Thirdly, there is nothing in the record to suggest that defendant's consent to be searched was not valid.

## DISPOSITION

For reasons stated above, the vehicle stop, defendant's detention, and defendant's search were all valid.  Therefore, his section 1538.5 motion to suppress was properly denied.  We affirm the trial court's decision.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.


We concur:

HOLLENHORST
J.

CODRINGTON
J.

9