Filed 10/29/15  P. v. Gwartney CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JASON ANDREW GWARTNEY,<br><br>Defendant and Appellant. | B263600<br><br>(Los Angeles County<br>Super. Ct. No. MA064367) |

APPEAL from orders of the Superior Court for the County of Los Angeles.  Carol Koppel and Kathleen Blanchard, Judges.  Affirmed.

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

After his motion to suppress evidence was denied, defendant Jason Andrew Gwartney pled no contest to a felony violation of Health and Safety Code section 11378 (possession for sale of methamphetamine). He appeals from the denial of his suppression motions. Our independent review of the record (*People v. Wende* (1979) 25 Cal.3d 436) reveals no error.

Defendant filed his suppression motion shortly before the preliminary hearing. He contended the consent he gave to the search during a traffic stop was vitiated by police conduct "in violation of government rules, laws and policies," and that police "did not have the right to request a search." The facts are these.

At the preliminary hearing, Deputy Sheriff Yesenia Delacruz testified that she and her partner, Deputy Jepson, conducted a traffic stop on September 19, 2014, in Palmdale. The driver (defendant) was not wearing a seat belt, and there was a long crack in the front windshield blocking the driver's view. The traffic stop occurred in the parking lot of the EZ 8 Motel.

Deputy Delacruz, who was on the passenger side of defendant's car, heard Deputy Jepson tell defendant the reason for the stop, but she did not record that in her report of the incident. She did not remember whether Deputy Jepson asked to see defendant's license and registration. Neither officer wrote a traffic ticket for driving without a seatbelt or driving with a cracked windshield.

Instead, Deputy Jepson asked defendant if he was on probation or parole, and defendant said he was not. Deputy Jepson then asked defendant whether there was "anything illegal on him," and defendant said "no." Deputy Jepson asked defendant for consent to search his person, and defendant consented.

Defendant then got out of the car and was searched. Deputy Jepson found a plastic baggy with a substance resembling methamphetamine in defendant's pocket. This was later found to be 0.26 grams of crystalline solid substance containing methamphetamine.

In response to a question from Deputy Jepson, defendant said he was staying at the EZ 8 Motel, Room 232. Deputy Jepson asked defendant "whether it would be okay to search the motel room," and defendant consented. The officers went to the motel room, where several other persons were present. Police recovered some marijuana, three bags of methamphetamine, a small baggy with cocaine, two digital scales, paraphernalia, a fully loaded revolver, ammunition in an open safe, keys to the safe, and a rental agreement in defendant's name.

After Deputy Delacruz testified, defense counsel argued the evidence should be suppressed because the officers did not attend to the business of writing a traffic citation. Instead, counsel contended, the officers went on an improper "fishing expedition" and had no right to ask for consent to search, citing such cases as *People v. McGaughran* (1979) 25 Cal.3d 577, 586 (where a police officer has stopped a motorist for a traffic violation, "and . . . has already detained the offender for the period necessary to perform his functions arising from the violation," the officer cannot thereafter lawfully detain him "for an additional period of time solely for the purpose of conducting a warrant check") and *People v. Lusardi* (1991) 228 Cal.App.3d Supp. 1, 5 (relying on *McGaughran* to conclude that officers making a proper traffic stop "cannot, on a mere hunch, properly ask for consent to search"; the consent obtained "is vitiated because the detention is unlawfully continued after any lawful and proper purpose has passed").

The magistrate (Judge Carol Koppel) denied the suppression motion, observing: "[C]ertainly my experience . . . says no[,] the consent is the consent[,] they can go ahead and do it . . . . So with some trepidation the court is denying the motion."

The district attorney filed an information charging defendant with four felony counts: possession of a controlled substance with a firearm, possession for sale of methamphetamine, possession for sale of cocaine, and possession of a firearm by a felon.

Defense counsel then moved to set aside the information under Penal Code section 995, based on the magistrate's denial of the suppression motion. Defendant contended that the police officers did not undertake any traffic duties, "which is the same as prolonging the stop beyond time required to getting the defendant's personal

3

information and to write the citation," and that it was a "pretext stop." The trial court (Judge Kathleen Blanchard) denied the motion, stating that "the judge who heard the preliminary hearing and heard the [Penal Code section] 1538.5 certainly had – whether it was well articulated or not, I think the denial of the 1538.5 motion was well-taken."

Defendant pled no contest to a single count of possession for sale of methamphetamine, in return for the middle term of two years, concurrent with a two-year term in another case, for a total of two years in county jail. The court sentenced defendant accordingly, and awarded total credits for time served of 416 days (208 actual and 208 conduct). The court ordered defendant to register as a narcotics offender; to provide a DNA sample; and to pay the following fines: a restitution fine of $400; a community supervision revocation restitution fine of $400 (stayed); a court security fee of $40; a criminal conviction fee of $30; a lab analysis fee of $50; a drug program fee of $150; and penalty assessments.

Defendant filed a timely appeal from the denial of his motions to suppress evidence.

Defendant's court-appointed counsel filed a brief requesting this court's independent review of the record under *People v. Wende, supra,* 25 Cal.3d 436. Counsel's declaration of the same date stated that he discussed the matter with a staff attorney at the California Appellate Project; wrote to defendant explaining his evaluation of the record on appeal and his intention to file a *Wende* brief; sent defendant the record on appeal and a copy of the *Wende* brief; and informed defendant of his right to file a supplemental brief within thirty days. No supplemental brief has been filed.

We have reviewed the record on appeal, and find no error in the denial of the suppression motion. (See *People v. Gallardo* (2005) 130 Cal.App.4th 234, 239 [requesting consent to search does not require reasonable suspicion of wrongdoing "if requesting consent does not otherwise unduly prolong the traffic stop"; there was "no indication . . . the stop was prolonged in any manner" where "the only evidence offered was that the time that elapsed from the initial contact to requesting consent to search was as little as two minutes"; defendant "was, of course, free to decline consent"]; see also

4

*Whren v. United States* (1996) 517 U.S. 806, 813, 819 [if there is probable cause to believe a traffic violation has occurred, the police officer's subjective motivation for making the stop is irrelevant]; *People v. Tully* (2012) 54 Cal.4th 952, 981 [officer "was permitted to ask defendant about matters unrelated to the traffic stop so long as the questioning did not prolong the stop beyond the time required to cite defendant"; defendant was questioned and consented to a search while another officer was working on a traffic citation, not after its completion].)

In short, we are satisfied that defendant's appointed counsel has fully complied with his responsibilities and that no arguable issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106, 109-110; *People v. Wende, supra,* 25 Cal.3d at p. 441.)

## DISPOSITION

The order is affirmed.


GRIMES, J.

We concur:

BIGELOW, P. J.



RUBIN, J.